## Cowdrick *v.* New York Central Railroad Co., Appellant.

*Negligence—Railroads—Obstruction of crossing by freight train —Injuries due to exposure of traveler while kept waiting—Evidence—Burden of proof—Independent causes—Presumption—Case for jury.*

Where, in a negligence case, the effect of the plaintiff's evidence

is merely to establish that there are two or more independent causes, either one of which may have been the proximate cause of the injury, the burden is upon the plaintiff to show that the cause for which the defendant was responsible was the one which produced the injury; but it does not follow that the evidence of the plaintiff to sustain such burden must exclude every other possibility, except the one sought to be established.

In an action by a physician against a railroad company to recover damages for an illness alleged to have been caused by an exposure to which the plaintiff was subjected, a verdict and judgment for the plaintiff will be sustained, where the evidence shows that the plaintiff was summoned to attend a patient on a cold blustery March night; that the patient resided at a point from twelve to fifteen miles distant; that the journey was made in a top buggy drawn by a pair of horses and occupied more than two hours in time; that the plaintiff was chilly when he arrived at the patient's house, but felt no other injurious effects from the drive; that he warmed his hands, performed his professional duty, and after spending from twenty to thirty minutes in the house started homeward; that at an exposed point on the road he was prevented from crossing defendant's tracks by a standing freight train, for a period of from forty-five to fifty minutes; that he was in good condition when he stopped, but after about fifteen minutes he discovered that he was beginning to feel numb and chilled; that by the time the train moved he had become so affected by cold that he was no longer able to grip the lines, and was compelled to wrap them about his wrists and arms in order to control his team; that when he reached home he was wholly unable to remove his clothing, and had to be undressed and put to bed by his wife; and that as a result he became ill of articulate rheumatism and suffered from this disease for a considerable period of time.

Argued Oct. 23, 1916. Appeal, No. 328, Oct. T., 1915, by defendant, from judgment of C. P. Clearfield Co., May T., 1915, No. 302, on verdict for plaintiff in case of Arthur D. Cowdrick v. New York Central Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $875. Defendant appealed.

Error assigned, among others, was in refusing motion for judgment for defendant n. o. v.

Hazard Alex. Murray, with him Thomas H. Murray and James P. O'Laughlin, for appellant.—It is just as reasonable and just as probable that the exposure while driving produced the sickness as the exposure while standing and in the absence of any testimony as to which exposure caused the sickness there was no testimony sufficient to submit to the jury for them to guess at the cause: Searles v. Manhattan Railway Co., 101 N. Y. 661; Fritz v. Sacks, 245 Pa. 171, 175.

W. C. Miller, with him A. R. Chase, for appellee.— Whenever the margin for balancing probabilities and for drawing reasonable inferences is better supported on one side than on the other, the question should be submitted to the jury: Ahern v. Melvin, 21 Pa. Superior Ct. 462; Flaherty v. Scranton Gas Co., 30 Pa. Superior Ct. 446; Norwood v. Goeddel, 58 Pa. Superior Ct. 500; White v. Keystone Tel. Co., 211 Pa. 455; Madden v. Lehigh Val. R. R. Co., 236 Pa. 104.

OPINION BY HEAD, J., March 7, 1917:

Unless, at the conclusion of the trial, the defendant was entitled to have a directed verdict in its favor, the several assignments of error exhibit no valid reason for a reversal of the judgment. The defendant offered no testimony and the plaintiff is therefore entitled to have that offered by himself and his witnesses viewed in the light most favorable to him.

The plaintiff, a doctor of medicine, was engaged in the practice of his profession in the Borough of Clearfield, Pennsylvania, and the neighboring countryside. On a cold blustery March evening he was summoned to attend

a patient who resided at a point from twelve to fifteen miles distant.    The journey was made in a top buggy drawn by a pair of horses and occupied something more than two hours in time.    When the plaintiff reached the residence of his patient he testifies he was somewhat chilled, as any one ordinarily would be, but felt no injurious effects whatever from his drive.    He warmed his hands so that his touch might not be discomforting to his patient and proceeded to the discharge of his professional duty.    After spending from twenty to thirty minutes in the house, he again entered his buggy for the homeward trip.    Again he declares that he suffered nothing from the cold beyond that degree of chilliness which would ordinarily be expected by a normal man under such conditions.

A short distance outside of the borough limits the public road crossed at grade the tracks of the defendant railroad company.    When the plaintiff reached this point, at about one o'clock, a. m., he found the crossing entirely obstructed by a standing freight train of the company and he was unable to complete his journey until the train moved.    The point at which he was stopped was near the river at or close to a bridge crossing the same and was a locality much exposed to the effects of damp and cold winds.    By reason of the obstructed crossing the plaintiff was compelled to sit in his buggy for a period of forty-five to fifty minutes.    He testifies that when he reached that point he was in good condition physically but that after sitting quietly in his buggy for about fifteen minutes he discovered that the cold was penetrating his body which was beginning to feel numb and chilled. The horses gave evidence that even they were suffering. By the time the freight train moved and the plaintiff was able to proceed, his hands had become so affected by cold he was no longer able to grip the driving lines and was compelled to wrap them about his wrists and arms in order to control his team.    When he reached home he was wholly unable to remove his clothing, owing to the

numb condition of his hands, and had to be undressed and put to bed by his wife. During the night, or early in the following morning, a sickness, described by the plaintiff and his witnesses as articulate rheumatism, had made its appearance and from it the plaintiff suffered for a considerable period of time.

The evidence scarcely leaves room for doubt the sickness complained of was brought on by exposure. The able counsel for defendant, not quarreling with this conclusion and not denying that the obstruction of the crossing for such a long period of time was an act of negligence on the part of the defendant company, earnestly urges it was impossible for the jury to more than conjecture that plaintiff's illness was caused by the negligent act referred to rather than by the exposure necessarily, but voluntarily incurred by the plaintiff in driving to and from the home of his patient. In other words, when a plaintiff seeks to impute to a negligent act of a defendant the consequences of an injury sustained by him, the burden is on him to establish by the fair preponderance of the evidence a causal relation between the alleged negligent act and the injurious consequences complained of. If in such case his evidence does no more than tend to establish two independent causes, to either one of which might be attributed, with like probability the injury, and the defendant is responsible for only one of such causes, the case of the plaintiff has failed.

But it does not follow that because the plaintiff carries the burden of proving his case by evidence, such evidence must exclude every other possibility except the one sought to be established. In the trial of civil cases the law does not require that the material facts of the plaintiff's case be proved beyond a reasonable doubt. It is sufficient if they be supported by the fair weight of the evidence. The rule has been stated in many cases with more or less distinctness according to existing circumstances. Brief excerpts from the opinions in two recent cases will be sufficient to illustrate the true principle.

In Ahern v. Melvin, 21 Pa. Superior Ct. 462, our Brother W. D. PORTER thus stated the principle: "Where the effect of the evidence is merely to establish that there are two independent causes, either one of which may have been the proximate cause of the injury, the burden is upon the plaintiff to show that the cause for which the defendant is responsible was the one which produced the injury sought to be recovered for: Cotton v. Wood, 98 Eng. Common Law Reports 566; Bolhm v. Bethlehem Borough, 4 Pa. Superior Ct. 385. In the present case, however, there was a wide margin for balancing the probabilities and for drawing reasonable inference, better supported on one side than on the other." In Madden v. Lehigh Valley Railroad Co., 236 Pa. 104, Mr. Justice MOSCHZISKER adopted with approval the following language: " 'In cases to recover damages for death, although there must of course be affirmative proof of negligence before recovery can be had, it is not always essential that there be an eyewitness of the occurrence. The proof may be furnished by the circumstances themselves; the test is whether they are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant.' " (Many cases cited.)

The plaintiff in the case at bar was more than usually competent to testify to the facts supporting his case. How far, if at all, his credibility and the soundness of his judgment were affected by his direct interest in the result of the suit was, of course, a question for consideration by the jury. Their verdict establishes that his evidence was accepted as credible and convincing. In comparing what he said with their experience of everyday life, and in determining that he made the journey to the home of his patient without detriment to his own health, it cannot be justly urged their conclusion was a mere conjecture. There was much that was both reasonable and probable in the statement of the plaintiff which could properly support the conclusion reached. The

same thing may be said of the journey homeward. It was stated by all of the witnesses that in driving a team over a more or less rough road on a cold evening, there was involved such an amount of physical or muscular exertion on the part of the driver as would tend to keep his blood in circulation and thus enable him to resist successfully any undue effects from the cold. It cannot be denied that such statements are stamped with every appearance of probability. When, however, the plaintiff reached the obstructed road crossing and was compelled to sit quietly in his buggy for a long period of time, at an exposed place, at a late hour of the night, we cannot agree it was a pure conjecture on the part of the jury to conclude that exposure to have been the proximate cause of the resulting injury.

We are of opinion therefore the plaintiff presented substantial evidence calculated to remove the burden of proof placed on him by the law and that the verdict of the jury has a satisfactory foundation in that evidence. The assignments of error are overruled.

Judgment affirmed.