## Duaine, Appellant, *v.* Gulf Refining Co.

*Appeals—Successive verdicts—Granting new trial—Discretion of court—Abuse of.*

1. The question of the excessiveness of a verdict is primarily for the court below, and its judgment on that point will be reversed on appeal only under exceptional circumstances.

2. The appellate court will not reverse an order granting a new trial, unless the record demonstrates that the order complained of was caused by some clear error of law, or presents a palpable abuse of discretion.

3. Where the trial court considers a verdict excessive, the practice of cutting it to what, under a proper view of the evidence, it conceives to be a reasonable amount and affording plaintiff an opportunity to accept the sum thus arrived at, if he sees fit, is one to be encouraged.

4. The failure, however, to follow such course, where a new trial is ordered, cannot be accounted such error as would cause the appellate court to return the record for that purpose, unless the court below in effect plainly certified that the amount of the verdict and this alone caused the grant of a new trial, and unless the opinion, accompanying the order assigned as error, shows that the trial court had evidence satisfactory to it by which the verdict could be adequately measured.

Argued November 24, 1925. Appeal, No. 321, Jan. T., 1925, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1924, No. 1672, granting a new trial, in case of William Duaine v. Gulf Refining Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,000. New trial granted by McMICHAEL, P. J., FERGUSON and DAVIS, JJ., on ground that verdict was excessive. Plaintiff appealed.

*Error assigned* was order, quoting record.

*William A. Gray,* for appellant.—The trial court erred in failing to offer plaintiff the opportunity to cure a verdict, thought to be excessive, by remitting a part thereof: Bradwell v. Ry., 139 Pa. 413; Penna. R. R. v. Spicker, 105 Pa. 142; Smith v. Pub. Co., 178 Pa. 481; Turnpike Road v. Cumberland Co., 225 Pa. 467; Robb v. Pond Co., 269 Pa. 298; Gail v. Phila., 273 Pa. 275; Arkansas Val. Land & Cattle Co. v. Mann, 130 U. S. 69.

*Robert T. McCracken,* for appellee.—Granting a new trial because of an excessive verdict is within the sound discretion of the trial court: Class & Nachod B. Co. v. Giacobello, 277 Pa. 530; Pera v. Rys., 281 Pa. 203; Cox v. R. R., 240 Pa. 27; Babbitt v. Jackson, 279 Pa. 480; Rittenhouse v. Machine Works, 283 Pa. 304; Cleveland Worsted Mills v. Myers-Jolesch Co., 266 Pa. 309.

There is no rule requiring the trial court to order a remittitur in cases of excessive verdicts: Rea v. R. R., 229 Pa. 106; Cox v. R. R., 240 Pa. 27; Kennon v. Gilmer, 131 U. S. 22.

The court below was not guilty of abuse of discretion in granting a new trial under the circumstances of this case: Ralston v. P. R. T. Co., 267 Pa. 278; Cleveland Worsted Mills Co. v. Myers-Jolesch Co., 266 Pa. 309; Class & Nachod B. Co. v. Giacobello, 277 Pa. 530; Rittenhouse v. Exeter Works, 283 Pa. 304.

PER CURIAM, January 4, 1926:

Plaintiff recovered a verdict for a substantial sum to compensate him for personal injuries due, as he alleges, to defendant's negligence; the court below set aside the verdict on the ground of its excessiveness, and ordered a new trial; plaintiff appeals, contending that the order in question presents a plain abuse of discretion in that (1) the verdict was not in fact excessive, and (2), if it was, the correct remedy would have been for the

court below to designate an amount it conceived to be proper and let plaintiff accept either such amount or a new trial.

The question of the excessiveness of a verdict is primarily for the court below and its judgment on that point will be reviewed on appeal only under exceptional circumstances (Gail v. Phila., 273 Pa. 275, 278-81; see also Hollinger v. York Rys. Co., 225 Pa. 419, 426; Rea v. Pittsburgh, etc., R. R. Co., 229 Pa. 106, 114; Potts v. Guthrie, 282 Pa. 200, 203; Martin v. Letter, 282 Pa. 286, 290) which are not presented by the record now before us.

The practice, where the trial court considers a verdict excessive, of cutting it to what, under a proper view of the evidence, it conceives to be a reasonable amount and affording plaintiff an opportunity to accept, if he sees fit, the sum thus arrived at, is one to be encouraged, for in many cases it saves, both to the parties and the courts, the time and expense which new trials entail; but the failure to follow this course, where a new trial is ordered, cannot be accounted such error as would cause us to return the record for that purpose (see Cox v. Penna. R. R. Co., 240 Pa. 27, 35) unless the court below in effect plainly certifies that the amount of the verdict, and this alone, caused the grant of the new trial, and unless the opinion accompanying the order assigned as error shows that the trial court had evidence satisfactory to it by which the verdict could be adequately measured. In other words, the unconditional grant of a new trial will not be interfered with on appeal unless the record makes it plain that, by ordering a new trial, instead of indicating a lower award of damages which, if accepted, would be sustained, the court below acted perversely in a case where a conditional order would have been clearly appropriate; but this cannot be said of the present record. Finally, speaking broadly, we will not reverse judgments such as the one now before us unless the record demonstrates that the order com-

plained of was caused by some clear error of law or presents a palpable abuse of discretion, neither of which appears here.    This subject has been so recently and fully discussed by us that it would serve no useful purpose to go over the ground again: Rittenhouse v. Exeter M. Works, 283 Pa. 304, and cases there cited; see also Hess v. Gussdorff, 274 Pa. 123, 124; Class, etc., Brewing Co. v. Giacobello, 277 Pa. 530, 538; Babbitt v. Jackson, 279 Pa. 480, 482.

The judgment is affirmed.