King v. Equitable Gas Co., Appellant.

288

Argued March 18, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*Carl E. Glock,* with him *Reed, Smith, Shaw & McClay,* for appellant.—Plaintiff failed to sustain the burden of proving that a negligent act of defendant was the proximate cause of his injury: Venzel v. Coal Co., 304 Pa. 583; Kemmler v. Penna. Co., 265 Pa. 212; Erbe v. Transit Co., 256 Pa. 567; Cawley v. R. R., 44 Pa. Superior Ct. 340; Glancy v. Boro., 243 Pa. 216; Propert v. Flanagan, 277 Pa. 145; Decker v. R. R., 57 Pa. Superior Ct. 432; Bruggeman v. York, 254 Pa. 430; Sullivan v. R. R., 272 Pa. 429; Cowdrick v. R. R., 65 Pa. Superior Ct. 416; Curry v. Willson, 301 Pa. 467; Gausman v. Pearson, 284 Pa. 348; Long v. Frock, 304 Pa. 355; Cain v. Booth & Flinn, 294 Pa. 334; Ahern v. Melvin, 21 Pa.

Superior Ct. 462; Ott v. Boggs, 219 Pa. 614; Zeher v. Pittsburgh, 279 Pa. 168; Fullick v. Oil Co., 260 Pa. 4; Alexander v. Water Co., 201 Pa. 252; Boehm v. Boro., 4 Pa. Superior Ct. 385; Bannon v. R. R., 29 Pa. Superior Ct. 231; Schaeffer v. Twp., 150 Pa. 145; Madden v. R. R., 236 Pa. 104; O'Donovan v. Phila. Co., 223 Pa. 234; Koelsch v. Phila. Co., 152 Pa. 355.

The verdict was excessive.

*H. Fred Mercer,* for appellee.—The negligence of the gas company in maintaining the leaking saddle on its high pressure line, laid under a public street for forty-four years, and failing to inspect or replace it when its defective condition was known, was a question for the jury: Griffith v. Refining Co., 305 Pa. 386; Creevey v. Gas Co., 62 Pitts. L. J. 600; Diehle v. Gas Co., 225 Pa. 494; Lawrence v. Scranton, 284 Pa. 215; Darlington v. Pub. Ser. Co., 303 Pa. 288; Prichard v. Gas Co., 2 Pa. Superior Ct. 179; Heh v. Gas Co., 201 Pa. 443; Morgan v. Gas Co., 214 Pa. 109; Fredericks v. Refining Co., 282 Pa. 8.

The verdict was not excessive: Parkin v. Transit Co., 300 Pa. 569; Paul v. Refining Co., 304 Pa. 360; Lake Shore, etc., Ry. v. Rosenzweig, 113 Pa. 519; Wirsing v. Smith, 222 Pa. 8; Wilson v. Dressed Beef Co., 295 Pa. 168; Fredericks v. Refining Co., 282 Pa. 8; Murray v. R. R., 281 Pa. 474; Gallivan v. Wark Co., 288 Pa. 443.

*Don Rose,* of *Rose & Eichenauer, H. K. Siebeneck* and *Edward E. Reinhold,* for defendants, Arthur E. Braun and the Colonial Trust Co.

OPINION BY MR. JUSTICE SIMPSON, April 17, 1932:

On December 5, 1929, while plaintiff was in a trolley car on Eighth Avenue in the Borough of Munhall, he was badly injured by an explosion of natural gas, resulting in the total destruction of the borough post office building, which fronted on the avenue immediately op-

posite the point where the car was at that time. The natural gas was a part of that which had been passing through defendant's sixteen-inch main, carrying from twelve to seventeen pounds pressure and running longitudinally under the avenue. The question at issue was whether it escaped from the main and into the post office building because of defendant's negligence, or escaped by reason of defective gas pipes in the building itself, in which latter event the owners thereof would alone be liable. The jury rendered a verdict in favor of plaintiff, on which the court below entered the judgment from which defendant took the present appeal.

Before the trial, defendant issued a sci. fa. under the Act of April 10, 1929, P. L. 479, to bring upon the record the owners of the post office building as additional defendants. The court below correctly quashed the writ. That statute only applies where the persons sought to be added as additional defendants are "alleged to be liable over to [the defendant who issues the sci. fa.] for the cause of action declared on, or jointly or severally liable therefor with him." Appellant did not allege that the property owners were "liable over to [it] for the cause of action declared on," that is, for the negligence for which the suit was brought; but, on the contrary, asserted that they were alone liable, for an entirely different negligence, namely, for the failure to keep in repair the gas pipes in their building. Nor did defendant contend that they were "jointly or severally liable therefor with" [it] to plaintiff. On the contrary, it alleged that the property owners were alone liable. Had the Act of June 22, 1931, P. L. 663, been in effect at that time, the sci. fa. would have been proper, but this statute had not then been enacted.

The main question we are asked to decide is that set forth in the first statement of the questions involved, as follows: "Where there is evidence of two different possible causes of an explosion, for only one of which defendant would be responsible, did the plaintiff sustain

the burden of proving with certainty that defendant's neglect was the proximate cause?" This seems to imply an admission that the proof as to one of those "possible causes," if standing alone, would have been sufficient to establish defendant's liability; and this, as we will now show, is clearly so. It appeared, from plaintiff's testimony, which we must accept as true when considering this question, that some forty-four years before the explosion defendant had laid the high pressure gas main in the avenue, placing around it ashes, cinders, mill rubbish and other refuse of a character which naturally would and did corrode the pipe in such a way as, in course of time, to cause it to leak, and would and did also provide a means by which the leaking gas would pass longitudinally through that rubbish, near to or along the pipe, until it found an outlet to the air, which it could not do at once because of the superimposed brick and concrete forming the bed of the street. The portion of the pipe which leaked had not been replaced, or even inspected to determine whether it needed repair or replacement, during the forty-four years it had been in the bed of the avenue, though adjoining portions had been replaced a few years before the explosion, and defendant's employees were then told that this pipe needed replacement, at the very point where the present leak occurred. At that time it was broken through by defendant's employees, at a point some 40 to 60 feet from the place of the explosion, and the break had been covered with a metal saddle, bolted down in an attempt to prevent leakage therefrom. In course of time, the pipe, which had been five-eighths of an inch thick, had been so corroded and eaten away, by reason of the character of the surrounding ashes, etc., as to be but one-eighth of an inch thick, and was falling to pieces; the nuts which had held the saddle in place had themselves corroded and fallen off; and the gas in the main escaped into the surrounding rubbish. This escape was noticed along the street for months before the date of the explosion,—one

witness said for about a year,—but no attempt was made by defendant to ascertain its location or to repair it. The day after the accident all the houses in the neighborhood were disconnected from the main, yet another explosion then took place a short distance from the post office building, which, of course, could not be attributed to the asserted leak in the pipes of that building. On that day, also, the avenue was opened and the condition of the pipe and saddle ascertained, the escape of gas therefrom was then both heard and smelt, and the fact that it had long been escaping plainly appeared from the surrounding soil.

It is not an open question but that, from these facts standing alone, the jury would have been justified in finding defendant was negligent, and that this was the proximate cause of the injury (see Koelsch v. The Philadelphia Co., 152 Pa. 355; Shirey v. Consumers' Gas Co., 215 Pa. 399; Diehle v. United Gas Improvement Co., 225 Pa. 494; Lawrence v. Scranton City, 284 Pa. 215); hence defendant places its contention on a different ground. It asserts that, because it produced evidence which, if believed, would have shown that the cause of the explosion might have been gas leaking from the service pipes in the post office building, for which defendant would not have been responsible, it could not "with certainty [be known] that defendant's neglect was the proximate cause" of the explosion, and hence plaintiff could not recover. Plaintiff produced rebuttal testimony, however, which excluded the possibility of the leak having been in those service pipes. This being so, if defendant's legal contention were sustained, the constitutional requirement that "trial by jury shall be as heretofore and the right thereof remain inviolate" would become a dead letter, in this and every other case where a defendant, simply by producing some evidence, true or false, raises a question of fact as to the cause of an accident. Of course this cannot be so.

We have no intention of qualifying the rule that there can be no recovery if the injury of which complaint is made, may equally well, under the uncontradicted evidence or that believed by the jury, have resulted from one of two or more causes, for only one of which defendant would be liable; but it has no applicability here. In this, and all other like cases, the question at issue is: Whose negligence resulted in the injury? All that a plaintiff is required to do to answer that inquiry, is to individuate, to the satisfaction of the court and jury, that the act or neglect of defendant was the proximate cause thereof: Gausman v. Pearson Co., 284 Pa. 348. Having done this, he can recover, even though another cause has been asserted by some of his own witnesses (Gorman v. Charlson, No. 1, 287 Pa. 410),—which was not the case here,—and though "the evidence of the plaintiff to sustain such burden [does not absolutely] exclude every other possibility, except the one sought to be established": Cowdrick v. N. Y. Central R. R. Co., 65 Pa. Superior Ct. 416, per HEAD, J. He must, however, as in all such cases, prove to the satisfaction of the jury the one cause on which he relies: Fullick v. South Penn Oil Co., 260 Pa. 4, 8. If this is done, and the trial court approves the finding, this court must affirm unless there is not sufficient credible evidence to sustain it. Here there is ample evidence for the purpose.

Aside from the question of the alleged excessiveness of the verdict, later to be considered, there is nothing to show that the court below abused its discretion in refusing to grant a new trial. Nor could we reverse on the ground that the verdict was against the weight of the evidence, even if we thought the fact was so. As there was ample to sustain the verdict, the question of its weight, as compared with the countervailing evidence, was primarily for the jury and the court below, and with their decision we should not interfere unless an abuse of discretion is shown, which it is not.

The complaint that the trial judge should not have admitted evidence to show that there was a hole in defendant's main several years before the explosion, which it then repaired,—the facts regarding which are as stated above,—is of no avail, since it tended to show that the main was so insufficiently cared for thereafter, as to make defendant responsible for any injury arising directly from that neglect.

No other assignment need be referred to except the final one alleging that the verdict was excessive. A review of a few of our later cases will suffice to clarify the situation, so far as concerns the applicable legal status. In Petrie v. Kaufmann & Baer Co., 291 Pa. 211, 215, we said: "Defendant offered no evidence on this branch of the case, and, while the verdict was large, we are not satisfied that sustaining it constituted an abuse of the trial court's discretion. We can only interfere in such cases to prevent manifest injustice. As stated by Mr. Justice FRAZER, speaking for the court, in Knobeloch v. Pbg., H. B. & N. C. Ry. Co., 266 Pa. 140, 143: 'This court has repeatedly said in a long line of cases, beginning with Smith v. Times Pub. Co., 178 Pa. 481, and extending down to Scott v. American Express Co., 257 Pa. 25, that the question of the amount of the verdict would be reviewed only where so grossly excessive as to shock our sense of justice and to indicate a clear abuse of discretion on the part of the court below.' "

In Wilson v. Consolidated Dressed Beef Co., 295 Pa. 168, 174-5, we said: "The most serious feature of the case is the amount recovered. ...... While our right to grant relief in such cases exists, it is limited. In the language of Mr. Justice SADLER, speaking for the court, in Gail v. Phila., 273 Pa. 275, 278: 'We have said repeatedly that a judgment will be reversed on appeal on account of an exorbitant verdict only where the impropriety of permitting it to stand is so clear as to show an abuse of discretion on the part of the court below in declining to set it aside; Scott v. American Express Co.,

257 Pa. 25'; and as stated by the [former] Chief Justice, for the court, in Goldman et al. v. Mitchell-Fletcher Co., 285 Pa. 116, 119: 'While this court has always been disinclined to interfere with awards of juries sustained by the trial tribunal, yet where the facts demonstrate a verdict to be so plainly excessive in any part as to indicate that the jury has abused its powers, and that abuse is not remedied by the court below, it becomes our duty to act; and this is the situation in the present case.' We will interfere only where the verdict is such as to shock our sense of justice and evidences a clear abuse of discretion on part of the trial court in refusing to set it aside: Dziak et al. v. Swaney, 289 Pa. 246; McIntyre v. Quaker City Cab Co., 283 Pa. 395; Knobeloch v. Pbg., H. & B. Ry. Co., 266 Pa. 140; Scott, Admrx., v. American Express Co., 257 Pa. 25; Ensell et al. v. Atlantic Refining Co., 92 Pa. Superior Ct. 586."

In Curry v. Willson, 301 Pa. 467, 474-5, we said: "Such complaints [as relate to the excessivness of the verdict] will not justify the ordering by this court of a new trial, unless the record discloses such gross injustice as to make this course imperative." And to the same effect as the foregoing are Zimmerman v. P. R. R., 297 Pa. 390; Parkin v. P. R. T. Co., 300 Pa. 569, and Paul v. Atlantic Refining Co., 304 Pa. 360, 364-5.

Tested by the principles stated, we cannot say that this verdict of $25,000 is so excessive as to require us to interfere with the discretion exercised by the court below. Briefly stated, the pertinent facts,—assuming plaintiff's evidence to be true, as of course we must on this point,—are as follows: At the time of the accident, plaintiff was 21 years of age, he had been a steady worker of excellent habits, and that year had earned $1,776. He has not been able to work since the accident and probably never will be. His expenses to the time of the trial were $784. He was fourteen weeks in the hospital, had frequent convulsions, was unconscious much of the time and had to be strapped to his bed. The top of his head

had been crushed in, a portion of the skull about one inch wide and two inches long had to be removed, and with it a portion of the brain, said to have been the size of a small lemon. This will never grow again; on the contrary, the scarred tissue will probably contract and press upon the remaining part of the brain, the effect on plaintiff will be progressively worse, and ultimately will result in an incurable epilepsy. When plaintiff entered the hospital, and for some time thereafter, he was not expected to live, and when he did recuperate, he had to be taught anew both to speak and eat. His mind and powers of locomotion are, and likely always will be seriously affected, growing worse continuously. While in the hospital, his injuries were of a particularly painful character, and he was not only helpless, but was unable to communicate with those who were trying to aid him. This condition still continues to some extent, but is not so constant as it was then. The pain, however, will always continue, and during the balance of his life he will be a helpless cripple, and will need medical and other attention for both his physical and mental condition.

The facts thus stated show that the case is one to which it is eminently proper that we should apply what we said in Clark v. Horowitz, 293 Pa. 441, 444: "It is the duty of the lower court to control the amount of the verdict; it is in possession of all the facts as well as the atmosphere of the case, which will enable it to do more even-handed justice between the parties than can an appellate court: Hollinger v. York Rys. Co., 225 Pa. 419, 426."

The judgment of the court below is affirmed.