## Brown *v.* Paxton, Appellant.

Argued October 4, 1938.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*H. F. Moore,* of *Moore & Gourley,* with him *Sherriff, Lindsay, Weis & Hutchinson,* for appellant.

*Wray G. Zelt, Jr.,* with him *David I. McAlister,* of *Hughes, McAlister & Zelt,* for appellee.

OPINION BY MR. JUSTICE BARNES, December 5, 1938:

This appeal presents the single question whether the amount of the verdict for the plaintiff is excessive in the light of the testimony of the case.

Plaintiff received injuries on February 22, 1936, while riding as a passenger in the rear seat of an automobile which was traveling in an easterly direction upon U. S. Route No. 40, near West Brownsville, in Washington County. The right side of the highway on which the car was proceeding, was suddenly blocked by the automobile of defendant, who was driving in the opposite direction and who had attempted to pass around a car in front of him at the crest of a hill. His automobile skidded sideways and completely obstructed the road. In order to avoid a collision, the car in which plaintiff was riding was forced to leave the highway and was brought to a stop by violent contact with a frozen snow bank.

Plaintiff was thrown upward and forward, striking her head against the top of the car or the rear of its front seat. She was dazed by the force of the impact, but was able, without receiving medical attention, to resume her journey in the same car to Charlottesville, Virginia, about three hundred miles distant. Plaintiff claims that immediately after she was thrown forward, she felt a severe pain in the back of her head and down her spine. The pain subsided later in the day, but upon awakening the following morning her neck was so stiff that she could not move it for several hours.

In the suit instituted by plaintiff to recover damages against defendant for her injuries, defendant caused the owner and driver of the automobile carrying plaintiff to be brought in as additional defendant. The jury returned a verdict in the amount of $6,500 against the original defendant, and found there was no negligence

262

on the part of the additional defendant. At argument before the court in banc, defendant withdrew his motion for judgment non obstante veredicto, and all reasons assigned in support of his motion for new trial, except the one objecting to the amount of the verdict. Following the refusal of a new trial upon this ground, judgment was entered on the verdict, from which defendant has appealed.

From the record it appears that, upon reaching Charlottesville, plaintiff consulted a physician who advised her that he could not diagnose her injuries without an X-ray examination. She proceeded to her home in Appomattox, Virginia, and attended to her duties there as a teacher, meanwhile consulting a local physician, and a neurologist at Richmond. Subsequently she was placed by the latter in a hospital at Richmond, where she remained for three weeks receiving treatments. Upon returning to her home she was confined to bed for two weeks, after which she continued at work until the time of trial. Since September, 1937, she has received no medical treatment.

The doctors who examined plaintiff shortly after the accident were not called to testify at trial and their depositions were not taken. The plaintiff relied entirely upon the medical testimony of two physicians, both of Washington, Pennsylvania, who examined plaintiff several months after the accident, and again just before trial. They had not treated her at any time, and their examinations were made for the purpose of testifying in this case.

These witnesses stated that in their opinion plaintiff had sustained an injury to the muscles, nerves, ligaments and cartilages along and attached to the spinal column, and that her sympathetic nervous system was also affected which caused a condition of hypertension or high blood pressure. They also testified that plaintiff was suffering from traumatic neurosis; that in their opinion it was not advisable for her to continue work.

They found no physical evidence of trauma or marks upon her body, other than an enlargement on her neck near the base of the skull. It was their conclusion that the injuries plaintiff received, and her present condition, were attributable to the accident.

Plaintiff testified that she was in good health prior to the accident, having passed an examination for life insurance during the preceding year. She asserts that since the accident she has been continually tired, weak and nervous, and afflicted with painful headaches. She complains of soreness down both sides of her spine, with intermittent pains along the spine itself, as well as a tingling feeling in her limbs, which renders them sensitive to touch. She suffers from vertigo and constipation and is unable to sleep without the use of a strong sedative.

We have reviewed carefully the testimony of plaintiff and her medical witnesses and are convinced that the injuries which are ascribed to the accident are not of the serious character as represented at trial. The evidence, in our opinion, is not sufficient to sustain the verdict in the amount rendered. The medical testimony is not consistent with plaintiff's activities following the accident, and with the evidence of her subsequent conduct. It is apparent that she was able, after a delay of twenty minutes, and without receiving medical treatment, to continue her journey in the automobile to a distant city; that her injuries were not such as to prevent her from performing her usual duties as a teacher; that no treatment, except sedatives, was prescribed for her for several weeks by the physicians whom she consulted upon returning to her home.

Moreover there is nothing to show that she complained, at the time of the accident, of her condition to the other passengers in the car, some of whom appeared as witnesses in the case. There was no medical evidence before the jury of the actual condition of plaintiff following the accident, as the physicians who testified for

her based their opinions upon the subjective symptoms which she related to them many months thereafter.

It is further disclosed by the record that, except for the period of five weeks when she was in the hospital and confined to her home, plaintiff lost no time from her work. According to the testimony, her wages during this period would not have exceeded $100, and medical and hospital expenditures approximated $194. The remainder of the verdict in the amount of over $6,000, therefore, represented compensation awarded to her for pain and suffering and possible impairment of future earning power. Plaintiff's evidence is insufficient to support this excessive verdict in the light of the testimony that her monthly earnings in the two years following the accident were more than twice the amount she was then receiving, and that she was working longer hours in the discharge of her duties.

With respect to the right given to this Court by the Act of May 20, 1891, P. L. 101, to modify or set aside the judgment of the court below and to enter such judgment as we may deem proper, we have said many times that "we are loath to exercise this power and prefer under ordinary conditions that a just verdict shall be rendered on another trial": *Milyak v. Phila. Rural Transit Co.*, 300 Pa. 457, 464; *Tauber v. Wilkinsburg*, 309 Pa. 331, 336. A judgment will be reversed or modified on appeal because of an exorbitant verdict only where it is so excessive as to shock our sense of justice, and the impropriety of permitting it to stand is so manifest as to show an abuse of discretion on the part of the court below in refusing to set it aside: *Scott v. American Exp. Co.*, 257 Pa. 25; *Gail v. Phila.*, 273 Pa. 275; *Goldman v. Mitchell-Fletcher Co.*, 285 Pa. 116; *King v. Equitable Gas Co.*, 307 Pa. 287.

As we said in *Thirkell v. Equit. Gas Co.*, 307 Pa. 377 (p. 384): "For this error [failure to correct an excessive verdict] three remedies exist. We may reverse the judgment and award a new venire, . . . or we may

. . . reverse the judgment and ourselves enter such a judgment as the court below should have entered, or vacate the judgment and remit the record for further proceedings consistent with the opinion of this Court." We think that the second course is the proper one to follow under the circumstances of the present case. Here no trial errors are assigned. There is no question on this appeal concerning defendant's negligence or that plaintiff was contributorily negligent, and the only issue between the parties is the amount of the verdict. The plaintiff and her witnesses reside in a city many miles from the place of trial. Accordingly we believe that the case calls for the exercise of our power to modify the judgment and reduce it to the amount for which, in our opinion, it should have been entered in the court below. See *Tauber v. Wilkinsburg,* supra, (p. 336).

The judgment is reduced to $3,500, and as modified is affirmed.