Kummerlen et al. *v.* Pustilnik et al., Appellants.

Argued November 30, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Raymond A. White, Jr.,* for appellants.

*Howard R. Detweiler,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 7, 1946:

Plaintiff Paul J. Kummerlen was driving an automobile, in which plaintiffs Robert Kummerlen and Robert Hofstetter were passengers, south on Fifth Street in the City of Philadelphia. Defendant Raymond Pustilnik was driving a truck, on behalf of defendant Louis Pustilnik, his father, in a general easterly direction on the Roosevelt Boulevard. At the intersection of these highways the two vehicles came into collision. According to plaintiffs' version of the accident their automobile proceeded across the Boulevard at a time when the traffic light was green in their favor; when they reached the southernmost driveway, 34 feet wide, upon which defendants' truck was approaching, the truck was 75 to 100 feet to the west; plaintiffs continued across that driveway at the rate of 15 to 20 miles an hour, the driver keeping a watch on the truck which, when about 25 to 35 feet away, swerved to the right and struck the right side of the automobile a little back of center; the automobile had then almost cleared the intersection; during all this time the traffic light had not changed, the truck having entered the intersection with the red light against it.

Defendant Raymond Pustilnik gave a different account of the occurrence, but the jury rendered a verdict

in favor of plaintiffs; we must therefore accept the latter's version as correct. That being so, it is clear that the court below was right in overruling defendants' motion for judgment n. o. v. The driver of the automobile, according to his story, looked for cross traffic upon reaching the southernmost intersection, continued to look as he crossed, proceeded at a moderate rate of speed with his car under adequate control, did not rely wholly upon the right-of-way given him by the traffic light, and in all respects met the requirements of a careful and prudent driver under the circumstances.

Defendants contend that the negligence of plaintiff Paul J. Kummerlen, the driver of the automobile, was imputable to plaintiff Robert Kummerlen because these two were brothers who owned the automobile in common and at the time of the accident were travelling together to the place where they were both employed. In view of the fact that the jury, by its verdict in favor of Paul J. Kummerlen, established his freedom from negligence, the question whether, if he *had* been negligent, Robert Kummerlen could nevertheless have recovered, is obviously academic.

The learned trial judge refused to allow defendants' counsel to ask Paul J. Kummerlen in what distance he could have stopped his car under the then prevailing weather conditions and the state of the highway. Apart from the fact that this would have called for a mere expression of opinion dependent upon various factors, as, for example, the slippery condition of the streets resulting from a slight fall of snow, the question was irrelevant because it was not claimed by defendants that the accident was due to any inability on the part of the driver of the automobile to stop his car by reason of excessive speed. The real issue at the trial was whether the red light was set against the automobile or against the truck when the two vehicles entered into and proceeded across the intersection.

The verdict in favor of Robert Kummerlen, who was the only person severely injured, was $5,000, which the

court below refused to reduce. This plaintiff's medical expenses and loss of earnings amounted to $957.50. He was in the hospital for 11 days, at home for 11 weeks in a cast and on crutches, and out of work for 3 months. His injuries consisted of comminuted fractures of both bones of the left leg at the juncture of the lower and middle third, fractures of these same bones at the ankle joint, and a comminuted fracture of the great toe of the left foot. While good union was obtained, there resulted an arthritic condition of the ankle which the surgeon who attended him said would probably be permanent and would somewhat handicap him in the use of the leg for all normal activities. We cannot say, under such circumstances, that the verdict was so obviously excessive as to justify its reduction by an appellate court.

Judgments affirmed.