Smith *v.* Allegheny County, Appellant.

Argued April 2, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Samuel W. Pringle,* with him *John David Rhodes* and *Dalzell, Pringle, Bredin & Martin,* for appellant.

*Robert B. Ivory,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE BELL, May 24, 1954:

A very narrow question is presented. Was the verdict excessive?

We shall summarize the testimony on behalf of the plaintiff as follows: On November 13, 1946, a tire rim became detached from the left rear wheel of defendant's truck. The rim rolled down the street and hit plaintiff in the back of his legs, knocking him against the front of the car he was inspecting. Plaintiff was taken to the hospital and then back to his service station, and from there to his home. He was confined to his home, and most of the time to his bed, for a month. Then with the aid of a cane he was able to supervise his garage business for two to four hours a day for five to six weeks, but was not able to perform a complete day's work until the middle of February, 1947.

Plaintiff's *left* leg swelled to twice its normal size and a large hematoma developed. His doctor put him to bed, gave him morphine for the pain, and ordered him to keep his leg raised. Plaintiff testified that the pain for the first month was constant and severe. The doctor testified that the swelling and discoloration disappeared and the leg retained its normal appearance by the middle of February, 1947—a period of three months. His bill was $68. Plaintiff testified that he still sometimes suffered pain up to the date of trial, especially if he did too much work.

Plaintiff's *right* leg was also injured, but only very slightly, namely, 8 small brush burns, none larger than a thumbnail. These brush burns were not deep and caused no swelling and healed within a month. The treatment prescribed for these burns was cleanliness and rest. Plaintiff's right leg had been terribly

damaged in an accident when he was 15 years old. As a result of the accident he underwent operations at St. John's Hospital, where he was confined from 3 to 6 months, and where part of the calf of his right leg was cut away and finally a tendon was cut so that he could move his ankle. He underwent another operation at the Suburban General Hospital, where he was confined for 4 months. As a result of that accident and the subsequent operations, about one-third of his right leg, from the tendon of the foot to the knee, was covered with scar tissue, circulation was impaired and he could not thereafter bend his right leg completely and had to baby it. This is important in considering his claim that the present accident prevented him from changing tires and doing similar work at his service station.

Plaintiff's only expenses were the doctor's bill of $68. While plaintiff was laid up from the accident, his friends worked for him at his garage gratis, but there was testimony that the wage rate of an attendant, who would have done plaintiff's work, was $1.25 per hour. Plaintiff failed to adequately prove any loss of earnings or profits.

Plaintiff's doctor, because of plaintiff's complaint about pain, advised him to give up the service station and he sold this about a year after the accident. Plaintiff testified that he sold his gasoline business because he couldn't do the work any more, in that repairing and changing a tire standing on his feet all day would hurt his legs.

Before the accident plaintiff had also had a trucking business, which he continued to operate after selling his service station. Since February, 1948, plaintiff has been engaged in long-haul trucking, driving his own heavy tractor-trailer outfit in interstate hauling. Plaintiff's doctor testified that plaintiff was capa-

ble of driving this big tractor-trailer outfit in spite of his bad right leg.

Defendant's doctor testified that when he examined plaintiff in August, 1947, he had completely recovered.

The lower Court refused to allow the jury to consider damages for diminution of earning power. The jury returned a verdict for $6,500.00 which, if they followed the Court's charge, would have been solely for pain and suffering and a $68.00 doctor's bill.

The question of whether plaintiff suffered any permanent injury from this accident, and whether there was any proof of diminution of earning power, was close, and the Court below, sitting en banc, refused defendant's motion for a new trial because they felt that the jury had a right to consider the capacity of plaintiff to work after the accident, in comparison to his capacity before, and the jury must have taken that factor into consideration in their verdict.

The Court below and, we believe, counsel for the plaintiff, conceded, although of course reluctantly, that the verdict was excessive if it was based upon and limited solely to a $68.00 doctor bill and pain and suffering.

An appellate Court rarely ever reverses a lower Court because the verdict was excessive, but it is our duty to do so if the jury's verdict shocks our sense of justice, or when the action of the lower Court, in dismissing a motion for a new trial, constituted a clear abuse of discretion: *Wargo v. Pittsburgh Railways Co.*, 376 Pa. 168, 101 A. 2d 638; *Duffy v. The Monongahela C. R.R. Co.*, 371 Pa. 361, 89 A. 2d 804; *Dupont v. Gallagher*, 360 Pa. 419, 62 A. 2d 28; *King v. Equitable Gas Co.*, 307 Pa. 287, 161 A. 65; *Jones v. Williams*, 358 Pa. 559, 58 A. 2d 57.

Under § 2 of the Act of May 20, 1891, P. L. 101, "The Supreme Court shall have power in all cases to

affirm, reverse, amend, or modify a judgment, order or decree appealed from, and to enter such judgment, order or decree in the case as the Supreme Court may deem proper and just, without returning the record for amendment or modification to the court below."

In *Givens v. W. J. Gilmore Drug Co.*, 340 Pa. 361, 17 A. 2d 184, Justice, now Chief Justice STERN, said (page 368): "To cure an excessive verdict three remedies exist: (1) to reverse the judgment and award a new venire, or (2) to reverse or modify the judgment and enter such a judgment as the court below should have entered, or (3) to vacate the judgment and remit the record for further proceedings consistent with the opinion of this court: Thirkell v. Equitable Gas Co., 307 Pa. 377, 384, 385, 161 A. 313, 315; Culver v. Lehigh Valley Transit Co., 322 Pa. 503, 511, 512, 186 A. 70, 74, 75; Brown v. Paxton, 332 Pa. 260, 264, 265, 2 A. 2d 729, 731. The second of these courses has been adopted by this court in many instances, and, since all the facts of the present case have now been fully developed, no purpose would be served by another trial. . . ."

We are convinced that the verdict is excessive and that it was a manifest abuse of discretion not to grant a new trial.

We believe that the sum of $5000. will fairly compensate plaintiff for the injuries and damages he has sustained. The judgment is hereby reduced to $5000. and as thus modified, is affirmed.

Mr. Justice JONES and Mr. Justice MUSMANNO would affirm the judgment.