Walker *v.* Davis, Appellant.

Argued April 16, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Thomas F. Weis,* with him *Weis & Weis,* for appellant.

*P. J. McArdle,* for appellee.

OPINION BY HIRT, J., June 10, 1959:

The plaintiff stopped his car on Route 51, near Clairton in Allegheny County, intending to make a left turn through an opening in the medial strip of the highway. As he was waiting for approaching traffic to pass, his automobile was struck from the rear by a car driven by defendant Dr. Philip Davis. The force of the impact shoved plaintiff's car into the path of an automobile approaching from the opposite direction. On the trial of the action the defendant admitted liability; the jury found for the plaintiff, as damages for his personal injuries, in the sum of $8,000. This verdict was excessive and the lower court on the defendant's application reduced it to $5,000. The plaintiff, by remititur filed, acquiesced in the reduction. In this appeal the defendant contends that the verdict is still excessive, and he asks us to reduce it further.

The accident occurred on Saturday November 12, 1954. As to the extent of his injuries the plaintiff testified: "I felt terrible. I was dizzy and my legs hurt me, my back hurt me, and my neck." Immediately after the accident he was taken to the office of Doctor William C. Session in Clairton. An x-ray examination revealed no fracture or dislocation of any bone. Dr. Session found contusions of the back and of the right hip, thigh and leg. The plaintiff complained also of "some dizziness and headache".

Plaintiff made a total of 13 office calls on Dr. Session over the period ending July 16, 1955. By that date all evidence of the injury had disappeared except plaintiff's complaints of periodic headache and dizziness. Plaintiff had returned to his employment with the Deitch Company, a dealer in scrap metal, on Thursday, November 17, which was the fourth day after the accident; he worked 8 hours on that day. And he continued to work steadily for that employer thereafter,

except when work was not available because of outside weather conditions. He was "a burner". His job entailed heavy labor dismantling and cutting up abandoned locomotives and other machinery, by means of acetylene torches. He drove to and from his work in Sharpsburg, a distance of at least 30 miles from his home in Clairton. In January 1955 he terminated his then employment with the Deitch Company and went to work, again as a burner, for Southwest Steel Company in Clairton. In November 1956 he quit his job with that company and went to work for Wilputte Coke Oven Division, as a laborer. Plaintiff's total medical expense was but $73 and except for three days following the accident he lost no time from his work. Although he testified that he was still disabled when he went back to work, yet his injuries have not resulted in a loss of earning power in any degree. He is entitled to damages only for past and future pain and suffering attributable to the accident.

Dr. Session said that in July 1955 the plaintiff still complained of periodic headaches and dizziness. The doctor examined him again on May 27, 1957, the day of the present trial, and he testified: "This morning he told me he still had these headaches which are around the base of the skull and would bother him more or less when he would bend over." The opinion of the court below correctly states: "There is nothing in the testimony to indicate that the plaintiff received a blow or injury to his head." From the complaints of dizziness and headaches, which were wholly subjective and undemonstrated symptoms, Dr. Session inferred "the possibility" of some brain damage from a "whiplash" injury caused by a sudden jerking of plaintiff's head, although the plaintiff did not testify to any sudden head jerk from which a whiplash might follow. It was the doctor's conclusion: "Well since it [headache or

dizziness] has persisted since 1955, it could be permanent. Very strong possibility it could be permanent." It is upon this testimony, viewed in the light most favorable to plaintiff that the verdict must rest.

Perhaps the strongest argument for a further reduction in this case is supplied by *Brown v. Paxton,* 332 Pa. 260, 2 A. 2d 729. In that case a verdict of $6,000 was reduced by the Supreme Court to $3,500 (in accord with the Act of May 20, 1891, P.L. 101, 12 PS §1164, which is almost identical in respect to the powers of this Court under our constituting Act of June 24, 1895, P.L. 212, 17 PS §192). In the *Brown* case the testimony was that the plaintiff "had sustained an injury to the muscles, nerves, ligaments and cartilages along and attached to the spinal column and that her sympathetic nervous system was also affected which caused a condition of hypertension or high blood pressure" and suffered from traumatic neurosis. In the opinion of the Supreme Court in that case it was held that: "The medical testimony is not consistent with plaintiff's activities following the accident . . ." The same may be said of the activities of this plaintiff whose total loss or earnings, chargeable to his injury amounted to but $41.28. In *DeMarino v. B. & O. R.R. Co.,* 349 Pa. 314, 36 A. 2d 784, a reduction of the verdict of $5,000 to $3,000 was approved by the Supreme Court. In *Meholiff v. River Transit Company,* 342 Pa. 394, 20 A. 2d 762, a verdict for $10,351 was reduced by the trial court to $7,250 and further reduced, on appeal to the Supreme Court, to $5,000. In that case plaintiff sustained a forehead injury which left a slight scar, a knee injury and a sacroiliac sprain. Plaintiff's auto damage was $217, his doctor's bill $44 and a $90 loss in wages. The balance of the jury's award was for pain and suffering, loss of future earnings and expense of a possible operation on plaintiff's knee. In *Smith v. Allegheny County,* 377 Pa. 365, 105 A. 2d 137 the

verdict for $6,500 for personal injuries was reduced by the Supreme Court to $5,000. In that case there was a swelling of the leg to twice its normal size as a result of the accident the plaintiff's doctor bill was $68. Plaintiff allegedly had to sell his gasolene service station business by reason of his leg injury. Compare however *Kummerlen et al. v. Pustilnik et al.*, 353 Pa. 327, 45 A. 2d 27 where it was held that a verdict of $5,000 for personal injuries was not so abnormally excessive as to justify a reduction by an appellate court. In that case the plaintiff had been hospitalized on account of a fractured leg and he was out of work for three months; his medical expense and loss of earnings amounted to $957.50; and *Wanamaker v. Ellis*, 306 Pa. 222, 159 A. 1, where the plaintiff had received a number of painful injuries to the head and body, which required medical treatment almost to the date of trial, it was held that a verdict of $5,000 did not shock the appellate court's sense of justice.

It may be that the defendant's admission of negligence and of liability invited the grossly excessive verdict in this case. It had a punitive quality. The reduction in the lower court clearly was justified, but in our opinion it must be further reduced. It may be also that verdicts in metropolitan areas are generally higher than in other counties throughout the State. But the measure of damages is the same and in our view $3,500 is the maximum limit of permissible recovery in any Pennsylvania Court under the evidence in this case. In coming to this conclusion we have considered the fact that defendant's physician who examined the plaintiff was not called by the defendant. And we are in entire agreement with the appellee's argument to the effect that since "no medical testimony was introduced that at all controverted plaintiff's doctor" plaintiff is entitled to the most favorable inferences from the testimony of plaintiff's medical witness.

The judgment is reduced to $3,500 and, as so modified is affirmed.

DISSENTING OPINION BY WRIGHT, J. :

The question whether a verdict is excessive is primarily for the court below, and its determination thereof will not be reversed on appeal except for manifest abuse of discretion: *Nalevanko v. Marie*, 328 Pa. 586, 195 A. 49. And see *Stark v. Lehigh Foundries*, 388 Pa. 1, 130 A. 2d 123; *Bochar v. J. B. Martin Motors*, 374 Pa. 240, 97 A. 2d 813; *Petrie v. Kaufman & Baer Co.*, 291 Pa. 211, 139 A. 878; *Duaine v. Gulf Refining Co.*, 285 Pa. 81, 131 A. 654; *Ruby v. Pa. R. R. Co.*, 61 York L. R. 17. In the case at bar the verdict was reduced to $5000.00 by a court en banc consisting of Judge LEWIS, the trial judge, and Judges SOFFEL and SMART. I cannot agree that we should disturb their considered judgment. This record discloses no abuse of discretion. The case of *Brown v. Paxton*, 332 Pa. 260, 2 A. 2d 729, most strongly relied upon by the majority, was decided in 1938, when dollars were worth considerably more than they are today.