## Yoworsky, Appellant, *v.* Charles Stores Company, Inc.

Argued May 25, 1961. Before JONES, C. J., BELL, COHEN, BOK and EAGEN, JJ.

*Anthony C. Falvello,* with him *Joseph J. Ustynoski* and *Rocco C. Falvello,* for appellants.

*J. Thirwall Griffith,* for appellee.

OPINION BY MR. JUSTICE EAGEN, July 17, 1961:

These appeals are from an order of the court below granting a new trial in an action of trespass for injuries suffered by the wife-plaintiff through the alleged negligence of the defendant.

The wife-plaintiff, while shopping in the defendant's store, was descending a stairway leading from the second to the first floor. The sole of her right shoe caught in the metal strip at the outer edge of one of the steps causing her to fall approximately seven steps to another landing. She sustained injury to the shinbone, the knee, the ankle, the instep and the buttock of her right leg. The jury awarded the wife-plaintiff $7500 and her husband $2500. The evidence disclosed special damages totaling $172.60, including $87 in doctor bills, $45 for x-rays, $25 for eyeglasses and $15.60 for a damaged slip and stockings.

The lower court granted a new trial ruling, inter alia, that the verdict was excessive and that the evidence failed of proper proof to substantiate the major item of the claim.

The wife-plaintiff's demand for damages was based in a substantial manner upon an alleged aggravation of a pre-existing arthritic condition. Her own testimony and that of the members of her family manifested that in the areas of the body injured in the fall, her condition following the accident rapidly and progressively worsened resulting in great pain and substantial disability.

The fall in issue occurred on December 26, 1956. The wife-plaintiff was then approximately sixty years of age. Her personal physician, Dr. Coll, called as a

witness by the plaintiffs, testified that on March 9, 1953, he began treating her for "mixed rheumatoid and osteoarthritis involving mostly the knees and ankles." At that time, there were no objective findings and the symptoms were purely subjective. In October 1956, she evidenced an involvement in the lower back and a "paravertebral block" was indicated. Tenderness was also present on the left part of the spine in the proximity of the third lumbar vertebrae. At that time her ambulatory movements were in no way restricted, but a slight restriction of the left lateral motion of the spine was present.

He first saw her subsequent to the accident on December 28, 1956. At that time she complained of pain in the back, right knee and right leg, and suffered from a cut of approximately one-half inch to the front part of the lower right leg. On January 16, 1957, she complained of pain over the ribs. On February 26, 1957, an examination disclosed tenderness in the area of the eighth cervical vertebrae of the neck. An x-ray of the ribs was negative. An x-ray of the cervical spine disclosed no fracture, dislocation or other visible trauma, or damage to the intervertebral space in this area. However, the x-rays did disclose development of arthritis. Since no previous x-rays had been taken, no comparison was possible. After this testimony was given, that portion thereof concerning the x-rays was stricken from the record for failure to call as a witness the roentgenologist, who had taken the x-rays and was the person qualified to read and interpret them.

Dr. Coll last saw and treated the wife-plaintiff on October 24, 1959. He testified that her arthritis had been progressive since March 1953. Following the accident, the stiffness and weakness of the right leg got progressively worse and restricted motion resulted. The only conclusion to be reached from the doctor's testimony is that the arthritis was the basic cause of the

pain and disability. He stated that an arthritic condition is a progressive one and that no one knows the actual cause thereof.[1] He was specifically asked if the fall complained of in this case aggravated the arthritic condition, and he answered, "I do not know whether the fall had anything to do with the aggravation or not." In view of this testimony, the ruling of the lower court was correct.

Appellants argue that the facts in the present case establish that the severe pain and partial disability due to the progress of the arthritic condition were so immediate and closely connected with the accident, that no medical testimony was necessary to prove that the fall aggravated the pre-existing condition, citing *Marcus v. White Star Lines, Inc.*, 316 Pa. 380, 175 Atl. 490 (1934); *Schultz v. Pivar*, 370 Pa. 271, 88 A. 2d 74 (1952); *Tabuteau v. London G. & A. Co., Ltd.*, 351 Pa. 183, 40 A. 2d 396 (1945); *Paul v. Atlantic Refining Co.*, 304 Pa. 360, 156 Atl. 94 (1931); *Saylor v. Greenville Steel Car Co.*, 157 Pa. Superior Ct. 331, 43 A. 2d 633 (1945); and, *Munns v. Easthome Furniture Industries, Inc.*, 193 Pa. Superior Ct. 61, 164 A. 2d 30 (1960). See also, *Grobuskie v. Shipman Koal Co.*, 80 Pa. Superior Ct. 349 (1923), and *Connor v. Phila. R. T. Co.*, 98 Pa. Superior Ct. 250 (1930). These cases hold that in certain circumstances where the sequence of events strongly indicate a causal connection between the unexpected injury and the disability that follows, no expert medical testimony is necessary to establish the causal connection. In such instances, there is a sufficiently close connection between the accident and the injury to satisfy a reasonable person as to the cause of the injury. But in the present case, the plaintiff's own medical

---

[1] This is supported by substantial medical authority. See Cecil, Text Book of Medicine, pg. 1302 (3d ed. 1934); Meakins, Practice of Medicine, pg. 1094 (1936).

evidence proved that the pain and disability complained of resulted from progressive arthritis. In view of this, it then became important to determine the cause behind this illness. Whether or not the accident in any way caused this condition, the medical witness said he could not say. Would it be proper to permit the jury to speculate on the answer to this question, when the attending physician said he did not know? To us, the answer seems self-evident.

In the case of *Schultz v. Pivar*, supra, strongly relied upon by the appellants, the loss claimed involved an aggravation of a pre-existing arthritic condition. But therein, the medical expert did specifically express the belief that the aggravation of the condition was caused by the accident. This, of course, is not our case.

Further, when a lower court grants a new trial because, in its opinion, the verdict is excessive, the test on appellate review is whether or not, in consideration of all of the evidence in the case, the order constituted a clear abuse of discretion: *Smith v. Allegheny County*, 377 Pa. 365, 105 A. 2d 137 (1954); *Ferruzza v. Pittsburgh*, 394 Pa. 70, 145 A. 2d 706 (1958). We cannot say that the lower court clearly abused its discretion herein.

Order affirmed.

Mr. Justice BENJAMIN R. JONES took no part in the consideration or decision of this case.