# Lodge *v.* Stone, Appellant.

*Principal and agent—Contract of employment—Issue of fact— Case for jury.*

In an action of assumpsit on an alleged contract of employment, the case was for the jury and a verdict for plaintiff will be sustained, where the issue is one of fact as to the circumstances of the employment.

An appellate court will not set aside a verdict which is supported by evidence, merely because, judged by the record, it is against the preponderance of the evidence.

*Trials—C. P.—Evidence—Rulings on exceptions.*

Although since the Act of May 11, 1911, P. L. 279, as amended by the Act of June 5, 1913, P. L. 421, it is not necessary for the trial judge to allow an exception, it is the practice for the attorney to direct the court stenographer to note an exception, when a ruling has been made against him, if he intends to press it as error. In no other way is there assurance that an exception will be noted as directed by the Act of 1913.

Argued November 13, 1924. Appeal, No. 209, Oct. T., 1924, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1921, No. 181, on verdict for plaintiff in the case of Harry F. Lodge v. R. D. Stone. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on contract of employment. Before SMITH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,303.25 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, and refusal of defendant's motion for judgment non obstante veredicto.

*Joseph G. Denny, Jr.,* for appellant.

*Earle Hepburn,* for appellee.

OPINION BY KELLER, J., February 27, 1925:

The questions involved in this case were purely of fact. They were submitted to the jury in a charge to which no exception was taken and no error assigned. This court cannot set aside a verdict, which is supported by evidence, merely because, judged by the record, it is against the preponderance of the evidence: Saxman v. McCormick, 278 Pa. 268, 274.

The principal question at issue was whether the plaintiff had been employed to do certain work by the defendant personally or by him as the representative of a foreign corporation of which he was president and the majority stockholder. The fact that the plaintiff had shortly before completed a contract for the corporation with respect to a totally different transaction did not preclude his being employed by defendant at a weekly salary to do work with which, it is admitted, the corporation was not concerned. The relations were entirely different. In the one he was an independent contractor, in the other an employee on salary. It is no more improbable that the plaintiff's services were lent by defendant to his corporation for the performance of a few minor jobs than that he was employed by the corporation for work with which it had nothing to do and lent by it to the contractor in charge.

Nor was the employment by the corporation conclusively established because payments were made to plaintiff by its checks. In the peculiar relations existing between this defendant and the corporation there was nothing to prevent such checks being given and received on defendant's acount, and much to justify such a conclusion, if the original employment by defendant was believed. The consideration for the $1,000 note which

defendant claimed to have personally lent plaintiff was a check of the corporation.

The defendant's counterclaim on the note just referred to likewise raised a question of fact. Plaintiff claimed that in a partial settlement with the defendant, acting as president of the corporation, with respect to the contract which had been completed many months before, this note had been deducted from moneys coming to him, and the jury evidently believed him. That he did not produce the original statement which he alleged defendant had given him at the time, did not prevent his testifying as to the deduction; it only prevented the admission in evidence of the alleged copy of the statement. Besides, no objection was made to his testimony on this behalf.

This disposes of the main assignments of error, Nos. 1, 2 and 3. The remaining assignments might be dismissed because no exceptions were taken to the rulings on evidence specified as error; for though since the Act of May 11, 1911, P. L. 279, and its amendment of June 5, 1913, P. L. 421, it is not necessary for the trial judge to allow an exception, it is the practice for the attorney to direct the court stenographer to note an exception when a ruling has been made against him, if he intends to press it as error. In no other way is there assurance that an exception will be noted as directed by the Act of 1913. We have, however, examined them all and find in them no reversible error. It is too late to object to an answer already made. The proper course, in such circumstances, is to move to strike it out. The statements by defendant as to why the firm of R. D. Wood & Co., by whom he was employed, (in addition to his other activities), could not appear openly in connection with the work plaintiff was engaged to do were relevant. They occurred in the course of the conversations leading up to plaintiff's employment and helped to explain why defendant desired his services. The unsettled state of plaintiff's account with defendant's corporation became relevant when the counterclaim was introduced.

The assignments of error are all overruled and the judgment is affirmed.