Coyne *v.* John Gibbons Coal Company, Appellant.

Argued January 29, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Ralph W. Rymer,* with him *James K. Peck,* for appellant, cited: Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610, Rauch v. Smedley, 208 Pa. 175, and Hartig v. Ice Co., 290 Pa. 21, on weight of evidence; and Gail v. Phila., 273 Pa. 275, and Holden v. P. R. R., 169 Pa. 1, on excessive verdict.

*James J. Powell,* with him *T. A. Donahoe,* for appellee, cited: King v. Gas Co., 307 Pa. 287; Wilson v. Beef Co., 295 Pa. 168; Knobeloch v. Ry. Co., 266 Pa. 140; Curry v. Willson, 301 Pa. 467; Clark v. Horowitz, 293 Pa. 441; Hollinger v. Rys. Co., 225 Pa. 419; Morris v. Zinn, 286 Pa. 281; Moraski v. P. R. T. Co., 293 Pa. 224; Paul v. Ref. Co., 304 Pa. 360, and Miller v. Bottling Works, 297 Pa. 41, on excessiveness of verdict; and Schuck v. R. R. Co., 283 Pa. 152; Shetler v. Cash Stores Co., 283 Pa. 307; Maloy v. Rosenbaum Co., 260 Pa. 466; Hartig v. Ice Co., 290 Pa. 21; Canon v. Trust Co., 305 Pa. 422; Lodge v. Stone, 85 Pa. Superior Ct. 164; First Nat. Bank of New Jersey v. Cattie Bros., 285 Pa. 202; Madden v. Tea Co., 106 Pa. Superior Ct. 474; Industrial Rayon Corp. v. Yarn Mills, 310 Pa. 322, and Braunschweiger v. Waits, 179 Pa. 47, on refusing new trial on ground of weight of evidence.

OPINION BY MR. JUSTICE KEPHART, March 19, 1934:

Michael Coyne, while on his way to work on the morning of October 22, 1929, crossed Campbell Street, a dirt road and public highway in the City of Scranton. As he reached the center of the street, the highway, without any warning, caved in immediately beneath his feet, precipitating him into a hole up to his arm pits. As he

was falling, he extended his arms to catch himself and prevent his going down farther. An acquaintance walking about thirty feet to the rear, when he saw his friend's trouble, immediately ran to the side of the roadway to give aid, but was unable to assist Coyne because he feared he too might fall into the hole. Its dimensions were variously estimated by the witnesses, some as much as 15 feet deep. Coyne, after some effort, succeeded in extricating himself. In his action for damages against the Glen Alden Coal Company and the John Gibbons Coal Company, judgment was entered on a verdict against the Gibbons Company, a nonsuit having been previously allowed as to Glen Alden Company.

It is appellant's contention here that there was no proof of mining done by it in the top seam of coal immediately beneath Campbell Street. Failing in this, they urge that defendant's evidence was so overwhelming as to nonliability, and the physical facts were so positive as to the impossibility of conducting mining, that the court below should, as a matter of law, have taken the case from the jury or granted a new trial.

Coyne's proof showed that the Gibbons Company was the lessee in possession of the land, under Glen Alden Company, lessor. There were, so far as the present case was concerned, two seams of coal directly under the street, one known as the top or big vein and the other, beneath it, as the new county vein. The Gibbons Company was engaged in what is commonly known as third mining, which consists of "robbing" the pillars of coal, that is, taking away from the pillar part of the coal, leaving sufficient remaining for surface support. The defendant in the course of this operation of removing the pillar coal of the top vein, took away the surface support directly under Campbell Street, and because the surface was not supported artifically, the street was left in a condition dangerous to the traveling public.

Two men testified that they mined from the top seam of coal at or under Campbell Street where appellee fell,

and that inadequate or no timber supports took the place of the coal removed; that due to this or other mining there was a mine squeeze going on in this vicinity, and the removal of the pillars would affect the strata above. This testimony was for the jury, and was sufficient to permit the finding of defendant liable for any damage resulting from the cave-in. The governing principles of law are well settled.

Mining operations under and about public highways should be conducted so as to preserve the integrity of the street and safeguard the traveling public. See Hauck v. Tidewater Pipe Line Co., Ltd., 153 Pa. 366; Com. v. McNaugher, 131 Pa. 55. The right of an owner of coal under a public highway is subject to a servitude in favor of the public. The public authorities have the right to occupy the space above and below the surface for any purpose within the scope of public uses to which highways may be put: 13 R. C. L., section 108, page 123. Where one owns the fee in minerals under the surface of a highway, he may work such mines as are feasible, but must do so in such a way as not to cause the road to subside. See 17 Eng. Ruling Cases, page 554. Apart from this reasonable use of the land by the public, the owner retains the complete use of his land. Where coal under a highway cannot be removed without disturbing the surface, any such removal would be a nuisance per se: Breisch v. Locust Mt. Coal Co., 267 Pa. 546, 550.

The difficulty with the supposed physical fact in the case is that the oral testimony to support it was controverted. While some of defendant's witnesses testified that a cave-in in the entry leading to the top vein made it impossible for any one to get into this seam and remove the coal therefrom, appellee's witnesses testified they did work in that seam and coal was removed from it. The court, without other evidence, could not, as a matter of law, hold that the physical fact actually existed or that it prevented the men from going in the top

seam to work; particularly is this so when one of the witnesses testified there was a second opening.

Nor should the rule relied on by appellant to sustain judgment n. o. v. as quoted from Lonzer v. R. R. Co., 196 Pa. 610, be applied in this case. There is evidence here to sustain the verdict; whether or not it or the opposing testimony was to be believed was for the jury. If the verdict was against the weight of the evidence, the court below should have so found and granted a new trial (Maloy v. Rosenbaum Co., 260 Pa. 466; Hartig v. American Ice Co., 290 Pa. 21); but this court will not set aside a verdict which is supported by evidence, merely because, judged by the record, it is against the preponderance of the evidence: Lodge v. Stone, 85 Pa. Superior Ct. 164. The action of the court below in refusing to grant a new trial will not be reviewed unless there is an abuse of discretion, which does not appear in this case.

Appellant urges that the verdict was excessive: In King v. Equitable Gas Co., 307 Pa. 287, we quoted with approval from Gail v. Phila., 273 Pa. 275, 278: "...... a judgment will be reversed on appeal on account of an exorbitant verdict only where the impropriety of permitting it to stand is so clear as to show an abuse of discretion on the part of the court below in declining to set it aside." We are not convinced that such abuse appeared in this case. Plaintiff was a man 50 years of age. While walking on the street, he suddenly fell into a hole in the ground, as in quicksand; he possibly saved his life by extending his arms to prevent falling farther down. Through his own exertions he released himself from this predicament. The uncontradicted evidence shows that he suffered injury and at the time of trial he was suffering from arthritis, which was, as we view the record, traceable to this accident. Its presence was demonstrated by X-rays and testified to by two physicians. Coyne was wearing an elastic pad on his knees and a belt about his body near the lower vertebrae to relieve the pain and give him some use of his back. He appeared

to have been seriously hurt. His occupation was that of a lineman for an electric company. He could not pursue his occupation without much pain, and the physicians testified that it was entirely possible that his further employment would be subjected very much to this physical disability. The clear inference from all the evidence was that there was a decreased loss of earning power. Up to the time of the trial it was shown that he had lost over 100 days, and his physicians' bills, as well as the cost of his medicine, were great, taking into account the man's occupation. Under all the evidence we do not feel that the verdict was excessive.

Defendant here complains of the proof submitted by plaintiff to establish his permanent trouble, arthritis, plaintiff's theory being that it came from the injury received when he fell into the hole. The only direct testimony bearing on the causal connection between the injury and the arthritis is the conclusion of Dr. Garvey, an expert, who testified that arthritis "could" come from the injury received from falling into the hole.

We need not review such authorities as Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, which considerably limits the effect of such evidence, and McCrosson v. P. R. T. Co., 283 Pa. 492, to the same effect. There is no assignment of error that raises any question as to such evidence and the questions considered must be based on the assignments. The first assignment relates to dismissing the motion for a new trial. Even if this could be considered as raising the question (which it does not), not a single complaint in it relates to this problem. The remaining assignments concern judgment n. o. v. which we have disposed of. Without discussing this objection further, we consider it without merit otherwise.

The assignments of error are overruled and judgment is affirmed.