## Hahn v. Hahn, Appellant.

40

Argued December 15, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Franklin B. Hosbach,* with him *Wayne A. Gleeten* and *Charles D. Cowley,* for appellant.

*William B. Washabaugh, Jr.,* for appellee.

OPINION BY PARKER, J., March 16, 1939:

William Hahn instituted a proceeding in the court below for an absolute divorce from his wife, Linna Hahn, under section 10 (f) of the Divorce Law of May 2, 1929, P. L. 1237 (23 PS §10). That section provides that it shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony when it shall be judged that the other spouse "shall have offered such indignities to the person of the injured and innocent spouse, as to render his or her condition intolerable and life burdensome." A rule was granted and made absolute whereby the issues of fact were tried by a jury. The jury found in favor of the libellant, the wife's motions for a new trial and for

judgment n. o. v. were denied, a final decree granting the libellant an absolute divorce was entered on the verdict, and respondent has appealed from the decree entered. We find no reason for disturbing it.

The appellant complains of the refusal of her motions for judgment n. o. v. and for a new trial. The only matter urged in support of the motion for judgment n. o. v. is that there was not sufficient evidence in the record to support the verdict and subsequent decree.

In most of the appeals from divorce decrees which are presented to this court there have not been jury trials and we are therefore required to reach independent conclusions upon the merits. Here, there was a jury trial and the extent of our review is limited to a consideration of the same matters as are involved in disposing of an appeal from a judgment entered upon a verdict in an ordinary civil case. The credibility of the witnesses and the weight of the evidence are not for our consideration. We must follow the familiar rule that the testimony must be read in the light favorable to the appellee and resolve all conflicts in the testimony in favor of the appellee. Many of the cases cited in the briefs presented situations where there was not a jury trial and such cases are therefore not applicable to the present situation: *Huston v. Huston,* 130 Pa. Superior Ct. 501, 504, 197 A. 774.

We have frequently stated that it is impossible to lay down a general rule for the determination of what indignities render the condition of the injured party intolerable, but we have said "that they may consist of vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disdain, abusive language, malignant ridicule, and every other plain manifestation of settled hate and estrangement; but slight or irregular acts of misconduct are not sufficient": *Sharp v. Sharp,* 106 Pa. Superior Ct. 33, 35, 161 A. 453.

It would unduly extend this opinion and serve no

good purpose to refer to the testimony in detail. When the evidence of the libellant and his witnesses is accepted as verity and all reasonable inferences in his favor are drawn from the testimony, it shows that the indignities to the husband were continuous and existed for a long period of time; that the respondent frequently called her husband an "old fool" and a "damned old fool" and so referred to him in the presence of the children, with the result that they used the same language in speaking of their father; that she called him a "dirty old dog" and was distant and uncivil toward him; that she treated him with rudeness and disrespect in the presence of strangers; that she was continually nagging him and finding fault with him; that prior to the separation she falsely accused him of improper relations with other women; that she gave herself over to poker playing and demanded that he take her to card games, usually held at the homes of relatives, almost every Saturday and Sunday night over a long period of time; that these parties on occasions did not break up until morning, to which the libellant strenuously objected; that she frequently caused scenes and displayed her temper when he would attempt to get her to leave the poker games at an earlier hour; that her conduct on one occasion at a public park toward him was such that it broke up the party that was with them; that she abused the children on one or two occasions and continually neglected to provide breakfast for her husband; that she called by telephone his place of employment and by her rude conduct toward other employees interfered with his work; that she complained to his employer where he had worked for many years and, as a result, imperiled his employment; that she had unreasonable altercations with the neighbors and their children which humiliated him; that when the libellant's mother made a scarf for him for Christmas she cut it in shreds and gave the remains to him the following morning; that her conduct toward other members of his

family was such that they refused to come to his home on a number of occasions; that she frequently nagged and scolded him in the presence of strangers and accused him of being lazy when he was confined to his home by a severe injury; and that the respondent procured a doctor and caused him to attempt an abortion on her. A child was born notwithstanding the interference.

All of the testimony tended to show that the husband was a hard-working man and provided well for his family, considering his station in life; that he had been able to improve his employment with the firm for which he worked for many years and had made himself agreeable to his employers, to his neighbors, and to the members of his family. A careful reading of the testimony convinces all of us that it was sufficient to support a verdict.

We have not referred to the testimony of the wife and her witnesses which contradicted much of this testimony, and it will not be assumed that if we had been the fact finding body or if we had the power to review the findings that we do where a jury trial has not been held, we would have come to the same conclusion that the jury did. The details of the testimony of which we have given a synopsis, if accepted, disclose a settled hate on the part of the respondent toward the libellant and such estrangement as to render his condition intolerable and his life a burden.

The reasons assigned by the appellant in support of her motion for a new trial were that the verdict of the jury was against the law, against the evidence, and against the weight of the evidence. This would seem to support the statement made in the opinion of the court below that the appellant in her argument below "alleged no judicial errors on the part of the court in the trial of this case." The appellant here assigns as error in support of the motion for a new trial that the verdict was against the weight of the evidence, that

certain exhibits were improperly admitted in evidence, and that the trial judge should have granted respondent's motion for the withdrawal of a juror and the continuance of the case.

What we have said with reference to the motion for judgment n. o. v. is pertinent with reference to the contention that a new trial should be granted on the ground that the verdict was against the clear weight of the credible evidence. "If the verdict was against the weight of the evidence, the court below should have so found and granted a new trial (*Maloy v. Rosenbaum Co.*, 260 Pa. 466 [103 A. 882]; *Hartig v. American Ice Co.*, 290 Pa. 21 [137 A. 867]); but this court will not set aside a verdict which is supported by evidence, merely because, judged by the record, it is against the preponderance of the evidence: *Lodge v. Stone*, 85 Pa. Superior Ct. 164. The action of the court below in refusing to grant a new trial will not be reviewed unless there is an abuse of discretion, which does not appear in this case": *Coyne v. John Gibbons Coal Co.*, 314 Pa. 502, 506, 172 A. 653.

As to the fifth, eighth, and ninth assignments of error, an appellate court is not called upon to review questions of law not raised in the court below. An assignment of error in the appellate court must be to the action of the court below: *Epstein v. Epstein*, 93 Pa. Superior Ct. 398, 399. However, an examination of the record convinces us that no harm was done appellant. The exhibits, the admission of which is assigned as error, merely showed what payments libellant made after the separation for the support of his family. The jury knew he had made some payments and the exhibits showed the amount. This was harmless error, if error at all.

The libellant, in testifying with relation to an attempted abortion, said something with reference to the effect on the child when she was born. When counsel for libellant attempted to follow up the remark the trial

judge reprimanded counsel, directed the remark to be stricken out, and warned the jury "not to pay any attention to this so-called remark." We find no abuse of discretion in this respect on the part of the trial judge: *Com. v. Westwood,* 324 Pa. 289, 307, 188 A. 304; *Com. v. Mudgett,* 174 Pa. 211, 257, 34 A. 588. Not only so, but respondent elicited from one of her own witnesses, another daughter, Linna Hahn (205a), testimony subject to the same objection.

The decree of the court below is affirmed at the cost of the appellant.