## Konchar et al., Appellants, *v.* Cebular.

Argued January 23, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

500

*David Landau,* with him *Joseph Strassman,* for appellants.

*Eugene Nogi, Henry Nogi* and *Norman Harris,* of *Nogi, Harris & Nogi,* for appellee, were not heard.

PER CURIAM, January 30, 1939:

Appellant borrowed a motorcycle from Peter Saltisiak. Peter, desiring not to lend the motorcycle, stated that there was not much gas in it, but upon appellant's offer to supply the gasoline, Peter let him have the motorcycle. He drove to a gasoline station and ordered a gallon of gas. Before appellee inserted the nozzle of the hose the motor was shut off but appellant remained astride the machine. Appellee proceeded to fill the order but when three-quarters of a gallon was placed in the tank the gasoline overflowed, running on the hot cylinders. The gasoline exploded into flames and as appellant was jumping off the motorcycle, it fell to the ground, causing some gasoline to splash from it on appellant's clothing. It ignited from the flame causing serious injury. Appellee was also burned. The court submitted all questions to the jury which returned a verdict for defendant.

It is contended by appellant that the trial court erred in submitting to the jury for its consideration the question of contributory negligence. While there is no great conflict in the evidence there were certain essential facts and inferences to be drawn from the testimony which are not free from doubt so that the question of contributory negligence should have been decided by the jury. See *Kuntz v. New York, C. & St. L. R. R. Co.,* 206 Pa. 162,

164; *Coolbroth v. Penna. R. R. Co.*, 209 Pa. 433, 439; *Latchaw v. Hoefner*, 332 Pa. 422. It was for the jury to decide whether, under all the circumstances, appellant had acted as a reasonably prudent man.

Gasoline, due to its inflammability, is a very dangerous substance if not properly handled. Therefore, it became incumbent on appellant to use care in ordering the gasoline necessary for his motorcycle. It was also appellee's duty to use care in placing the gas in the machine and to see, if possible, that the tank did not overflow. There are tanks which overflow even when the attendant is using the utmost care. Appellant, as well as appellee, realized the dangerous nature of this substance, and they further knew that the motor underneath the tank was hot. With an appreciation of such danger, or under conditions where its existence reasonably should have been known, there follows a high duty of care, which circumscribes the conduct of everyone about the danger, and whether appellant acted as a reasonable man in such circumstances was a jury question. See *Young v. Phila. Rapid Transit Co.*, 248 Pa. 174, 177; *Fredericks v. Atlantic Refining Co.*, 282 Pa. 8.

Appellant's second contention, that appellee's failure to ask appellant to get off the motorcycle while gasoline was being served is strong evidence that his remaining on the motorcycle was not inherently dangerous, is without merit.

The charge, considered as a whole, presented the issues fairly to the jury. If there is any inconsistency, or any doubt in the judge's charge, or counsel desires a statement of additional facts, it is the duty of counsel to call it to the court's attention when the judge asks if there is anything else counsel desires him to say: *Latchaw v. Hoefner*, 332 Pa. 422. See *Kennedy et al. v. Rothrock Co.*, 261 Pa. 580, 587.

Judgment affirmed.