## Saar *v.* Saar, Appellant.

Argued December 9, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*P. L. Walsh,* of *Walsh & Fadden,* for appellant.

*Frank W. Coyne,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1941:

This appeal is from the judgment entered on a verdict obtained by the plaintiff in an action of trespass. The appellant vigorously argues that the court should have granted his motion for judgment n. o. v. or at least have ordered a new trial for defects in the charge to the jury. Some reference to the testimony is necessary in considering the contentions advanced by the appellant.

The plaintiff, Joseph Saar, at the request of his brother, the defendant, who operates a truck, came to the latter's home to assist him in a moving job. He

found the defendant working at his truck, cleaning the spark plugs as he had been unable to make it start. The defendant asked him to take off the gasoline lines as he believed they were blocked. When he disconnected the line at the carburetor end nearly a pint of gasoline escaped, and spilled down the sides of the motor on the manifold or exhaust pipe, the spark plugs, the wiring, and the ground.

While the plaintiff was engaged in his work his brother, who was located not more than two feet away, after finishing the cleaning of the spark plugs, took apart the fuel pump. The latter necessitated the draining of the gasoline from the tank into a pail, from which it was very shortly thereafter poured back into the tank. That process resulted in some gasoline being spilled on the outside of the tank. When the plaintiff was standing against the uncovered motor, the defendant got into the truck and without warning, or the plaintiff's knowledge, started the motor, which backfired. The gasoline that had been spilled thereupon ignited and plaintiff's trousers, on which there was some gasoline, caught fire, and as a result he received extensive and severe burns on his left leg, which resulted in permanent disfigurement and some disability.

Was the evidence offered by the plaintiff, none of which was denied by the defendant as he called no witnesses except as to the extent of the injuries, sufficient for a jury to find that the defendant was guilty of negligence?

The appellant argues that there was no proof that he knew gasoline had been spilled. He undoubtedly was acquainted with motors, had knowledge of the dangerous nature of gasoline, and was aware, both from what he saw and from the odor of fumes, which plaintiff said was perceptible, that gasoline had been spilled on and around the motor. Certainly the evidence was sufficient for the jury to conclude that the defendant

was cognizant of just what happened when his car was being repaired, including the escape of gasoline. It is hard to conceive otherwise. It is reasonable to conclude also that he knew that on occasions, especially where there is engine trouble, that a motor will backfire and emit sparks from the manifold. In such circumstances he, a driver of a truck and apparently somewhat of a mechanic, undoubtedly appreciated that the free gasoline created a dangerous situation which demanded a higher degree of care and caution than would be required ordinarily if an inflammable substance were not present. While as in *Konchar et al. v. Cebular*, 333 Pa. 499, 3 A. 2d 913, there was no serious conflict of evidence, there were certain essential facts and inferences to be drawn from the testimony respecting the defendant's alleged negligence, which were for the jury's consideration.

It must be borne in mind that the plaintiff was working on the truck at the request of the defendant and taking orders from him. "When a person invites another to his place of business, he assumes toward the invitee certain duties, and if he negligently permits a danger of any kind to exist, which results in injury to the person invited, without negligence on the latter's part, the invitor is answerable for the consequence of such injury." *Fredericks v. Atlantic Refining Co.*, 282 Pa. 8, 14, 127 A. 615. See, also, *Griffith et al. v. Atlantic Refining Co.*, 305 Pa. 386, 157 A. 791; *Gordon v. S. M. Byers Motor Car Co. et al.*, 309 Pa. 453, 164 A. 334; Restatement, Torts, Negligence, §301 (2), (b).

"The test of negligence is whether the wrongdoer could have anticipated and foreseen the likelihood of harm resulting from his act or omission." *Scurfield v. Federal Laboratories, Inc.*, 335 Pa. 145, 150, 6 A. 2d 559. See, also, Restatement, Torts, Negligence, §284. Taking into consideration all the attending circumstances including the failure of the defendant to warn

the plaintiff of his intention to start the motor, we think there was sufficient evidence to find that the former failed to use reasonable care and that the plaintiff's injury resulted directly therefrom.

We do not find any merit to the complaint that the charge of the court was misleading. A careful reading of the instructions to the jury leads us to the conclusion that the court very fairly and fully submitted to the jury the issues in the case.

Appellant asserts that the court erred in stating to the jury that after the gasoline was spilled there was a perceptible odor and that he "...... started the engine, causing the engine to turn over, the whole machinery to be activated, the electrical connections to work, and that hot gas passed through the manifold and almost immediately there was a fire." The evidence in the main supports that statement. The judge had the right to charge the jury as to the effect of starting a motor and the passing of the gasoline thereto. A scientific fact which is a matter of common knowledge may be assumed: *Griffith et al. v. Atlantic Refining Co.*, supra, p. 393.

There was a slight misstatement of fact made by the judge in that part of his charge where he was discussing whether the plaintiff was guilty of contributory negligence, which, by the way, was not raised in this appeal. He said the *plaintiff* drained the tank and subsequently refilled it. That was done by the defendant. This mistake was more detrimental to the plaintiff, and it undoubtedly did the defendant no harm. He was evidently entirely satisfied with the charge, as when the court at the end thereof asked the attorneys if they had any suggestions to make, it received no reply and the defendant took a general exception only to the charge.

It is a well recognized rule that where there is any inconsistency or misstatement of fact in the judge's charge, if counsel desires a correction thereof or the

jury's attention called to additional facts it is counsel's duty to call the judge's attention thereto. The failure of one to except particularly to the trial judge's omission to give further instructions on any branch of the case, precludes him from raising the question subsequently on a general exception. He may not sit silent taking his chance of a verdict, and then if it is adverse complain of a matter that, if an error, would have been corrected and made harmless: *The Tropical Paint & Oil Co. v. Sharon Building Co.*, 313 Pa. 51, 169 A. 105; *Konchar et al. v. Cebular*, supra, p. 501

The appellant's last position is that the verdict was excessive and therefore a new trial should have been granted. The record shows that plaintiff received second and third degree burns which extended from the ankle to the knee. He was in bed, according to the doctor's testimony, approximately two months. According to the plaintiff's testimony he was "laid up" three and one-half months and completely incapacitated for about seven and one-half months, suffering severe pain. The defendant's medical witness admitted he will have inconvenience standing on his leg for any length of time as the skin and tissue have been damaged and the leg weakened. This evidence clearly discloses that the plaintiff received a serious, painful, and inconvenient injury and that permanent scars and disability, with a probable recurrence, have resulted therefrom. It is only where the verdict is so large as to shock the appellate court's sense of justice and indicate that there was a clear abuse of discretion that we interfere: *Petrie v. Kaufmann & Baer Co.*, 291 Pa. 211, 215, 139 A. 878; *Coyne v. John Gibbons Coal Company*, 314 Pa. 502, 506, 172 A. 653; *Nalevanko v. Marie et al.*, 328 Pa. 586, 592, 195 A. 49; *Brown v. Paxton*, 332 Pa. 260, 264, 2 A. 2d 729. Taking into consideration the nature and extent of the injuries we do not find that the verdict was excessive.

Judgment is affirmed.