## Varano et ux. *v.* Home Mutual Fire Insurance Company et al., Appellants.

Argued October 7, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Carl Rice*, with him *Witmer & Rice*, for appellants.

*John L. Pipa, Jr.*, for appellees.

OPINION BY HIRT, J., January 14, 1949:

Plaintiffs were the owners of the west one-half of a double house in the Borough of Kulpmont, County of Northumberland at 926 Scott Street. They, with their children, occupied the house as a dwelling. The building was insured "against all direct loss or damage by fire" in two policies issued by defendant Home Mutual Fire Insurance Company for a total of $2,900. Their household goods were similarly insured in a third policy by the same company for $1,500 and for $1,000 in a policy of the other defendant, Protection Mutual Fire Insurance Company. The premises and contents were entirely destroyed by fire on March 6, 1942. Plaintiffs' actions to recover on these policies were consolidated for trial and resulted in a verdict of $1,500 for the total loss of the building, and $1,250, apportioned between the two companies, for the fire loss of the household goods. Defendant appellants contend that there is error in the refusal of the court to enter judgment in their favor n.o.v.

There was a violent explosion in the east one-half of the double house, owned by one Salvatore Corniti and wife, which shattered both dwellings; fire entirely consumed the debris. The policies were identical in form and each contained the provision: ". . . this company shall not be liable for loss or damage occurring, . . . (g) by explosion or lightning, unless fire ensue, and in that event, for loss or damage by fire only."

Whether a hostile fire preceded and caused the explosion was the controlling question of fact. Plaintiff Catherine Varano testified that she was in the house across the street from her home on the evening of March 6, 1942. About 9:15 she heard a violent explosion and rushing outside immediately observed her house in flames. Her two daughters had returned from a picture show. One of them, 16 years old at the time of the trial,

testified that when in the street in front of their home she "heard a big noise and turned around and there was a fire . . . on Corniti's side"; that the house was not "down then" but was burning. There is testimony of other witnesses who on hearing the explosion observed the house burning. The burden was on plaintiffs to prove that a "hostile" fire caused the explosion. *Tannenbaum v. Fire Ins. Companies,* 127 Pa. Superior Ct. 278, 193 A. 305. An explosion may cause, or may result from, a fire in such rapid succession that except for the attending circumstances it cannot be said which came first. But the inherent difficulty of proving that a fire preceded an explosion should not, in itself, relieve an insurer in this class of cases. Any evidence whether direct or circumstantial is admissible and the circumstances need not exclude every hypothesis of non-liability. *Harbridge et ux. v. Mut. Fire Ins. Co.,* 151 Pa. Superior Ct. 278, 30 A. 2d 360. It is "not required that the testimony of the case should demonstrate that there was a fire preceding the explosion. The jury could by the weight of the evidence [from the attending circumstances] legitimately draw the inference that the fire did precede the explosion": *Apfelbaum & Neff v. Ins. Co. of N. A.,* 98 Pa. Superior Ct. 335, 339.

If there is any doubt as to the sufficiency of plaintiffs' evidence to support the finding of the jury in the instant cases that the explosion was caused by a hostile fire, that doubt is dispelled by testimony developed by the defendants' counsel. In each of the affidavits of defense to the plaintiffs' statements of claim it was averred that the Cornitis ". . . placed on their part of the premises inflammable liquids and materials intended for and to be used for incendiarism or starting of a planned or intentional fire for the purpose of burning the premises and contents, and said materials were ignited for such purposes, but resulted in an explosion . . ." And it was averred that plaintiffs were parties to the plan. Joseph

Kovach, on direct examination by defendants' counsel, testified as follows: "Q. Do you know Corniti—Salvatore Corniti? A. I know him to see him as being neighbors there. Q. Did you know him on March 6, 1942? A. I knowed him, yes. Q. Where is he now? A. I probably think he is in prison. Q. For what? A. For this fire. Q. Fire where? A. This fire that happened there at the site of Varanos and Corniti's. That's on Scott Street. Q. *Do you know whether he was convicted of arson or burning the building or setting it on fire? A. Yes.* I believe he was convicted and sent to prison for it." And plaintiff, Catherine Varano, called for crossexamination by defendants' counsel, testified that she was present in court when Corniti was tried and that he was found guilty of arson and was sentenced to a penitentiary. Plaintiffs are entitled to the benefit of the favorable inferences from the defendants' testimony as well as their own. *Brown v. McNamara,* 160 Pa. Superior Ct. 206, 50 A. 2d 748. All of the testimony points to the propriety of the finding that a hostile fire preceded the explosion and that the fire ultimately completely destroyed the building and its contents. And nowhere in the testimony is there anything that raises the slightest suspicion that plaintiffs were parties to Corniti's plan to burn the building. *Tannenbaum v. Fire Ins. Companies,* supra, relied upon by defendants is distinguished from the present case by the fact that there a friendly fire preceded the explosion.

The damage caused by the explosion was an incident of the fire and was caused by it, and under the circumstances therefore the entire loss must be regarded as a loss by fire regardless of an exception in the policies against loss from explosion. 5 Couch on Insurance, § 1197. The trial judge in a clear, impartial and comprehensive charge both on the facts and the law, properly submitted the issues to the jury. The jury was instructed that if plaintiffs were entitled to damages they could

recover "the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage". That is the provision of the policies as well as the applicable measure of damages under the law. Cf. *Fedas v. Ins. Co. of State of Penna.*, 300 Pa. 555, 562, 151 A. 285. There is no merit in appellants' complaint on that score or as to the court's alleged failure to instruct the jury on other phases of the policy. Defendants took only a general exception to the charge and, though given the opportunity, did not specifically call the court's attention to any inaccuracies nor request additional instructions. Having thus taken a chance on the verdict, defendants cannot complain. *Meholiff v. River Transit Company*, 342 Pa. 394, 20 A. 2d 762; *Saar v. Saar*, 143 Pa. Superior Ct. 528, 17 A.2d 745.

The verdicts are based upon sufficient competent evidence, and are moderate in amount. Defendants have no ground for complaint.

Judgments affirmed.