John W. Hare *v.* Lizzie Hare, Appellant.

Argued November 13, 1928. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Albert T. Hanby,* and with him *Frank Bechtel, Jr.,* for appellant.

*Willis B. Heidinger,* for appellee.

OPINION BY GAWTHROP, J., December 18, 1928:

This is an appeal by a wife from a decree of divorce granted to her husband on the ground of cruel and barbarous treatment and indignities to the person, which rendered his condition intolerable and his life burdensome. The evidence necessary to warrant the granting of a divorce on this ground has been discussed so frequently by this court in familiar cases that it is unnecessary to repeat it here.

Libellant is a policeman in the City of Philadelphia. He was married to the respondent September 24, 1902. They have two children, a son of twenty-four years and a daughter of twenty years. During their married life the husband separated himself from the wife four or five times. In 1921 or 1922 he suffered a nervous breakdown and was obliged to go to a sanitarium. After he left the sanitarium he returned to his wife at their home, which he always properly supported, and finally withdrew from it in 1925. His testimony and that of his witnesses supports a finding that, although the wife was generously provided with money to pay household bills, she was in the habit of failing to pay these obligations which resulted in the complaints of creditors to him and to his superior officers in the police department. She falsely accused him to others of being the father of a child by another woman and of other acts of immorality. She followed him on his beat on the street using opprobrious epithets and making vile accusations against him and his father. She tore his father's picture off the wall of the home and threw it into the back yard. She called on, and wrote letters to, the mayor of the city and the police authorities, complaining of the

libellant and charging him with making an attack upon a girl. His testimony that he suffered a nervous breakdown was corroborated by the police surgeon, who stated that he suffered from a severe nervous condition. His testimony was corroborated by disinterested witnesses. In addition to this she wrote letters to him charging him with infidelity and stating, "you are a disgrace to your two children." The respondent denied most of libellant's allegations, although she was compelled to admit that in certain instances she complained of her husband's conduct with other women. She admitted writing to the superintendent of police to that effect. She said that she made these accusations as a result of information brought to her by women of the neighborhood. She called none of them as witnesses. The son and daughter testified for the mother to the effect that there had been many quarrels in the home, and that they sometimes withdrew on these occasions. The son admitted that on at least one occasion when his father requested him to go with him and confront some of the witnesses who had charged him with misconduct he, the son, refused to go. We are not satisfied by the evidence that the libellant had given the respondent any reasonable ground to believe that he was guilty of the charges she made against him. On the other hand, we are convinced from a reading of the record that the wife was guilty of an unjustifiable course of conduct, which so grievously wounded the mental feelings of her husband as to utterly destroy his peace of mind and seriously impair his bodily health on one occasion. This made out a case of indignities to his person which rendered his condition intolerable and life burdensome.

The decree is affirmed.