Edwards *v.* Edwards, Appellant.

Argued October 15, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, BALD-RIGE and WHITMORE, JJ.

*Charles L. Smyth,* for appellant.

*Charles H. Hassert,* for appellee.

Opinion by Linn, J., January 30, 1931:

Mrs. Edwards appeals from a decree in divorce granted on the ground of indignities: (Act of June 28, 1923, P. L. 886; now Act of May 21, 1929, P. L. 1237, sec. 10, cl. f.) The parties were married in 1903. The course of conduct complained of lasted a number of years before the World War (libellant was a captain at the front then) and afterwards, until the third separation of the parties. In 1923, libellant left respondent a second time, but (he was then a drill-master on the Philadelphia police force) at the instance of the assistant superintendent of police, returned to respondent and again tried to get on with her. The reconciliation failed and he left a third time and brought this suit.

Eleven meetings were held by the master; many witnesses were heard and a voluminous record was made. We are constrained, particularly in the light of the libellant's corroboration in essentials, and of admissions by respondent, to reach the conclusion that the decree should be affirmed. No good purpose can be served by lengthening this opinion with quotations from evidence, disgusting in character.

The only matter of importance produced against libellant related to conduct with a woman for a short time in 1920; this gave us some concern; but that cannot have been the cause of respondent's unlawful conduct in the years preceding, and, in the circumstances disclosed in the record, was no justification for the subsequent continuation of her conduct until the final separation in 1927. It is sufficient to say that respondent's generally unprovoked and unjustified conduct, among other things, in applying to libellant, frequently in the presence of others, and at times publicly over a period of years, vile epithets and curses, with destruction of his property, and in the serious interference with the performance of his police and other

duties, makes out a clear case within the statute: Hare v. Hare, 95 Pa. Superior Ct. 66.

Decree affirmed.