## McDevitt *v.* McDevitt, Appellant.

Submitted March 12, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and KENWORTHEY, JJ.

*Louis Lipschitz,* for appellant.

*William C. Lynch* and *Leonard R. Silver,* for appellee.

OPINION BY KELLER, P. J., April 22, 1942:

This is another divorce case which was heard by us in forma pauperis because of the alleged poverty of the parties. Yet the libellant found means to pay for 24 hearings before a master, extending nearly 18 months, from May 5, 1938 to October 14, 1940, in the course of which 890 typewritten pages of testimony were taken—and, we assume, paid for—averaging 37 pages a hearing—from which we infer that the hearings usually consumed only about an hour each. The hearings were unnecessarily strung out by unseemly bickerings and useless repetitious examinations. In our opinion the case could have been heard by a judge, sitting continuously, in two or three days—but little longer than it took the court to read this testimony—and by a master, who devoted a court day or even a *full* morning or afternoon to a hearing and continued the session from day to day, in four to six days.

This is a condition that is well-nigh intolerable and may amount to a denial of justice. The Supreme Court, in 1894, remedied a like intolerable condition, amounting to injustice, in equity cases by the adoption of equity rules discontinuing the office of master in chancery and directing equity cases to be tried before a judge sitting as a chancellor, who sits continuously in the same manner as in the trial of actions at law. The results have fully justified the change. No one would go back to the old practice. Divorce cases in Allegheny County are tried by a judge, as in other actions at law, and the records that come before us from there are not unduly prolonged as this one was and similar cases from Philadelphia County are.

The grounds for divorce set up in the husband's libel were (1) cruel and barbarous treatment, (2) indignities to the person and (3) wilful and malicious desertion without just or reasonable cause. The master recommended a divorce on all three grounds. The court dismissed exceptions filed by the wife and entered a decree of divorce from the bond of matrimony in accordance with the recommendation of the master. The wife respondent has appealed.

The parties were married on November 3, 1913 and separated finally in July, 1936. This libel was filed July 22, 1937.

We have read the testimony carefully and in our opinion it supports a decree of divorce on the ground of indignities to the libellant's person which rendered his condition intolerable and life burdensome.

The testimony establishes, to our satisfaction, that for a number of years prior to the separation the respondent had habitually accused the libellant of improper conduct with other women, and unfaithfulness to his marriage vows, although she had no valid grounds for the accusations, and on cross-examination (pp. 666, 704), in effect, admitted that to be the case. These charges were accompanied by abusive language, and

were communicated to others, causing him humiliation. She even grossly insulted the women she accused of receiving his favors, and few escaped her attentions in this respect. She called him vile names, and applied like abusive epithets to his mother and sister, impugning their chastity. His testimony was sufficiently corroborated. She was a large woman, weighing over 200 pounds, while her husband weighed only 145 pounds, and she not only frequently *threatened*, but also *used*, physical violence towards him, which, while not suficient, in our opinion, to sustain the charge of cruel and barbarous treatment endangering his life, or furnishing ground for a reasonable apprehension that his life was thus endangered, is properly to be considered as supporting the charge of indignities to the person. Further elaboration is unnecessary.

We do not sustain the decree as to the charge of wilful and malicious desertion. Libellant left the home because he could no longer endure her conduct. The circumstances of his leaving the home would have furnished a sufficient *defense* to a charge of wilful and malicious desertion if *she* had filed suit for divorce on that ground, but they do not convict her of wilful and malicious desertion of him.

The assignments of error are overruled in so far as they relate to the evidence and findings respecting the charge of indignities to the person.

The decree of divorce will be limited to the charge of indignities to the person, and as so limited it is affirmed.