## Springer *v.* Springer, Appellant.

Argued November 9, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Hackett Mullen,* for appellant.

*Avra N. Pershing, Jr.,* for appellee.

OPINION BY RHODES, P. J., March 21, 1949:

Libellant and respondent were married on December 26, 1939. At that time libellant was 15 years of age and respondent was 22 years of age. The parties lived together until October 29, 1941, when they finally separated. During a part of their married life they lived in various places in Latrobe, Pennsylvania, and thereafter in Youngstown, Pennsylvania, near the home of libellant's parents. They had one child, a daughter, born on October 11, 1940.

In her libel libellant alleged as grounds for divorce cruel and barbarous treatment and indignities to the person. A bill of particulars was filed by libellant. Respondent filed an answer. A master was appointed and, after testimony was taken, he recommended that a divorce be granted on both grounds. Exceptions were filed to his report by respondent; they were dismissed by the court below, and a final decree in divorce was entered. Respondent has appealed.

After reviewing the voluminous record to determine whether in our judgment the libellant has established a legal cause for divorce, we have arrived at the same conclusion as the court below. The court below, in commenting upon the voluminous record in this case, very properly said that the master "heard a mass of incompetent, irrelevant and immaterial evidence, covering some four hundred pages of typewritten testimony." The record was unnecessarily extended by repetitious questioning of witnesses and by the injection of irrelevant matters. We have previously had occasion to refer to such records and to express our disapproval. *Lowe v. Lowe,* 148 Pa. Superior Ct. 439, 441, 25 A. 2d 781; *McDevitt v. McDevitt,* 148 Pa. Superior Ct. 522, 523, 25 A. 2d 853.

There was a definite conflict in the testimony of libellant and respondent, and in the testimony of the many witnesses who testified. The master in appraising their credibility concluded that the libellant and her witnesses were worthy of belief. Consequently, he found that she established her case by clear and satisfactory proof. As the master had an opportunity to observe the appearance and demeanor of the witnesses as they testified before him, his conclusion as to credibility and his recommendation that a divorce be granted to libellant are entitled to the fullest consideration, although not conclusive or binding upon us. The court below was of the opinion that the master was warranted in recommending the divorce on the grounds alleged in the libel.

Notwithstanding respondent's denials, we are of the opinion that his treatment of libellant, almost from the inception of their marriage, was such as to constitute cruel and barbarous treatment. The corroboration of libellant by the testimony of disinterested witnesses permits of no other conclusion. On January 4, 1940, a short time after their marriage, in a public restaurant, respondent slapped libellant in the presence of her friends

and the patrons of the restaurant. Other occurrences took place prior to October 29, 1941. On this last occasion respondent struck libellant repeatedly and inflicted personal injury upon her. He threatened to kill her, and he choked her so that neighbors finally responded to her cries and screams. Libellant then returned to her own family, and has not cohabited with respondent since that time. Disinterested witnesses testified to this occurrence and as to the marks upon her body. Prior thereto libellant was obliged to have respondent arrested because of his conduct. Upon his promise that he would do better and stop his drinking, libellant returned to respondent and remained until the final separation on October 29, 1941. The testimony discloses that respondent repeatedly threatened libellant's life and inflicted severe physical punishment upon her. During their entire married life he seems to have been addicted to excessive drinking, when he became more abusive, and he habitually used vile and profane language toward libellant. He made false accusations of infidelity; and he displayed meanness, hatred, and ill-will by calling her vile and opprobrious names, as well as by his treatment of her physically. This attitude was also manifested after the separation when respondent came to the home of libellant's parents and threatened libellant. She lived in fear of him.

Respondent's brutal conduct toward libellant affected her health, and her life was thereby endangered, and she had reasonable grounds for apprehending that further cohabitation with him was unsafe. See *Verbeck v. Verbeck*, 160 Pa. Superior Ct. 515, 520, 52 A. 2d 241; *Santilli v. Santilli*, 155 Pa. Superior Ct. 407, 410, 38 A. 2d 415.

The charge of cruel and barbarous treatment was clearly established by the evidence, and respondent's course of conduct was such as to render libellant's condition intolerable and her life burdensome. See *Clark*

*v. Clark,* 160 Pa. Superior Ct. 562, 565, 52 A. 2d 351. We agree with the master and the court below that the charges set forth in the libel were sustained.

The decree of the court below is affirmed, at the cost of appellant.