**Chiara et al. v. Johnston et al.**

*Compton and Handler*, for plaintiffs.
*Robert J. Trace*, for Lena Chiara, plaintiff.
*Caldwell, Fox & Stoner*, for defendants.

102

WOODSIDE, J., March 14, 1949.—This matter comes before us on a demurrer to a petition to open judgment. The facts of the case are briefly as follows:

On October 25, 1929, Anna C. Johnston and Maxwell D. Johnston, petitioners, executed in favor of and delivered to Lena Chiara and Constance Chiara, respondents, a judgment exemption note in the principal amount of $3,150, due one year from the date, with interest at the rate of six percent per annum.

On June 9, 1932, respondents entered the note with the prothonotary and judgment was confessed by virtue of a warrant of attorney contained therein. The lien of said judgment was revived and continued to date by scire facias proceedings in 1937, 1942 and 1947. The judgment entered in 1947 amounted to $7,109.18, representing the principal amount of $3,150 plus interest accrued thereon since 1929.

On April 1, 1942, respondents caused a writ of attachment execution to be issued upon said judgment and on May 22, 1942, petitioners obtained a rule on plaintiffs to show cause why the judgment should not be opened, execution stayed, and attachment execution dissolved, alleging, inter alia, that the note was without consideration. Respondents filed an answer to the petition to open judgment specifically setting forth the consideration for said judgment exemption note. On October 21, 1943, they obtained a rule, pursuant to Pa. R. C. P. 209, requiring petitioners to show cause why they should not proceed by rule, or by agreement of counsel to take depositions, or to list the case for argument on petition and answer. No answer having been filed to this rule, it was made absolute. Counsel for respondents thereupon placed the case on the argument list and presented argument at the time the case was called. Neither petitioners nor their counsel were present or participated in the argument before the court.

On February 21, 1944, in an opinion by the late President Judge Hargest printed in 55 Dauphin 60, this court dismissed the petition to open judgment and stay the attachment execution.

On June 15, 1944, Lena Chiara, one of the respondents, executed a written release for her one-half undivided interest in the note and authorized any attorney to enter satisfaction of her one-half interest. In this release she states that there was no valuable consideration for the note. On the same date Frank Chiara, husband of Lena Chiara, executed an affidavit certifying that he personally prepared the note in question and that he has personal knowledge that no valuable consideration was given for it.

On July 17, 1947, satisfaction was entered for the undivided one-half interest of Lena Chiara by virtue of the power of attorney contained in the above release which was also filed of record on that date.

On July 22, 1947, petitioners filed the present petition to open judgment to which respondents have demurred.

Petitioners contend that the judgment should be opened so that they can show in defense that the note in question was given without consideration and in confessing judgment thereon respondents acted fraudulently.

Respondents base their demurrer on the fact that the previous petition to open judgment by petitioners herein raised the same defense and was finally adjudicated by this court, and that therefore the matter is now res judicata and petitioners are precluded from raising the same defense in this proceeding.

Petitioners maintain that the doctrine of res judicata cannot be applied in this case for three reasons. First, the ruling on the previous petition to open judgment was not upon the merits of the case; second, in their present petition an additional defense, that of fraud, is alleged; third, since our ruling on the previous

petition additional evidence of their defense has become available to petitioners. We shall take up these contentions in order.

"It has long been established that a prior judgment or decree between the same parties on the same cause of action is not res adjudicata and therefore not a bar to a second suit when the merits of the controversy were not passed upon in the first action": Scharf v. Richard De Cou Co., 320 Pa. 552, 554 (1936).

This admittedly being the rule it becomes necessary for us to examine what was before this court in the previous action to determine if our prior judgment was on the merits of the case.

Petitioners' first petition to open judgment set forth that they had executed the judgment note here in question without receiving anything of value and solely for the accommodation of respondents. To this petition respondents filed an answer denying that allegation and setting forth in detail what constituted the consideration for said judgment note. Nothing further was done by petitioners.

More than a year later, respondents obtained a rule, pursuant to Pa. R. C. P. 209, requiring defendants to show cause why they should not proceed by rule or by agreement of counsel to take depositions, or to list the case for argument on petition and answer. Petitioners made no answer and the rule was made absolute.

Pa. R. C. P. 209 provides, inter alia:

"If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed . . . within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

Pursuant to this rule respondents had the case placed on the argument list, and their counsel presented argument at the time the case was called. Petitioners did not appear in person or by counsel.

On this state of facts this court dismissed the petition to open judgment in the opinion of February 21, 1944: Chiara et al. v. Johnston et al., 55 Dauphin 60.

Was this a final judgment on the merits of the case? We feel that it was. In arriving at our decision we had before us all the averments of fact in the petition which were admitted by the answer, plus "all the averments of fact responsive to the petition and properly pleaded in the answer", which under Pa. R. C. P. 209 "shall be deemed admitted". Therefore, the case was not disposed of on mere technicalities. On the contrary, the court had before it a set of facts derived from a proper course of pleading in accordance with our Rules of Civil Procedure.

In Clark v. Clark, 56 Dauph. 209 (1945), affirmed, 160 Pa. Superior Ct. 562 (1947), this court held, "Rule 209 requires us to determine the matter on petition and answer, and to accept all averments of fact responsive to the petition and properly pleaded in the answer as admitted", and a final disposition was made of the case.

We have examined all the cases cited by petitioners in their brief, and others wherein it was held that a former adjudication did not bar a subsequent suit on the same facts, and in none of them did the court go into the facts of the case as this court did in its prior opinion in this case. For example, in Scharf v. Richard De Cou Co., supra, the action was one in trespass, and plaintiff had previously been nonsuited for failing to appear when the case was called. The court did not in any way go into the merits of the case in the first action, and it was held not a bar to the second. See also Moore v. Schell et al., 99 Pa. Superior Ct. 81

(1930), where a prior adjudication was held no bar, since it was based solely on the failure of plaintiff to file with the prothonotary a certificate of the precise residence of the judgment creditor as required by the Act of March 31, 1915, P. L. 39. Here again there was no question that the merits of the case were considered. At page 84 of the Moore Case, supra, the Superior Court sets forth the situations when a prior judgment will not bar another action:

"Where a former judgment is founded upon a lack of jurisdiction, a nonjoinder or misjoinder of parties, plaintiff or defendant, a misconception of the form of pleading, a formal or technical defect in the pleadings, or the like, or where the suit is discontinued, the plaintiff becomes nonsuit, the debt is not yet due, or there is a temporary disability of the plaintiff to sue, or the like, the judgment will be no bar to another action."

The judgment in the former action involved in the case before us was not founded upon any of the technicalities listed by the Superior Court, but rather upon a set of facts arrived at through petition and answer in accordance with the Pennsylvania Rules of Civil Procedure. The previous adjudication of this court was upon the merits of the case, and effectively bars the present action unless petitioners can take their case out of the rule.

Petitioners further contend that the doctrine of res judicata should not apply because in the present petition they allege a defense, that of fraud, which was not set forth and passed upon in the former judgment. They do not allege that the fraud was unknown to them at the time they filed their first petition to open judgment. In fact their petition shows that the facts which they allege constituted fraud were fully known to them from the time judgment was confessed on the note.

This being the case petitioners are faced with the rule that a suit determines not only what was but what might have been litigated therein. Justice Mestrezat in Roney v. Westlake, 216 Pa. 374, 378 (1907), quoting from Freeman on Judgments, sets forth the rule as follows:

" 'A judgment of a court possessing competent jurisdiction is final, not only in reference to the matters actually or formally litigated, but as to all other matters which the parties might have litigated and had decided in the cause. A party cannot try his action in parts. The judgment is conclusive, not only of the matters contested, but as to every other thing within the knowledge of the complainant which might have been set up as a ground for relief in the first suit.' "

See also Long v. Lebanon National Bank, 211 Pa. 165, 168 (1905), and Rauwolf v. Glass, 184 Pa. 237, 240 (1898). In the latter case the question was whether the issue of fraud had been passed upon in a previous replevin action between the parties, and was therefore a bar to a bill in equity to set aside an agreement because of fraud in its making. The Supreme Court held that it had been passed upon and said:

"The fraud was directly involved, and the verdict of the jury could not have been rendered as it was without an express finding that no fraud existed. . . . A judgment concludes, not only the technical fact in issue, but also every component fact necessarily involved in its determination. . . . Any conclusions which a court or jury must evidently have arrived at in order to have reached the judgment or verdict rendered will be fully concluded."

Therefore, since petitioners could have set up the defense of fraud in their former petition, and since the facts, which they allege constituted fraud, were before this court and were necessarily passed upon

by it in its adjudication, the question of fraud was fully concluded and became res judicata.

Petitioners' final contention why the doctrine of res judicata should not apply to their present petition to open judgment is that at the time of their prior petition they were not in possession of the release and satisfaction of Lena Chiara, one of the parties to the note here in question, and the affidavit of Frank Chiara, and therefore did not have sufficient evidence of fraud.

This contention has little merit. In the first place the release and affidavit executed by Lena and Frank Chiara respectively aver only that the note was given without valuable consideration for the purpose of enabling respondents to perfect a loan, and do not allege facts that would of themselves prove fraud in the procuring or using of said note.

Petitioners do not allege that Frank Chiara was unavailable at the time of their former petition and we must therefore assume that he could have been called to testify or to make depositions concerning his knowledge of the note here in question. By asking this court to reconsider the matter of opening the judgment, petitioners are in effect asking to be allowed to take depositions at this later date. In Clark v. Clark, supra, petitioner made a similar request and the Superior Court, 160 Pa. Superior Ct. 562, 567 (1947), quoted with approval the following ruling of this court:

"When the moving party does not take depositions, or list the case for argument on petition and answer, after the rule to do so has been taken against him and made absolute, he is too late to any longer ask permission to take depositions."

The above-mentioned release and affidavit do not constitute "newly discovered evidence" because they

do not satisfy test number 2 set forth in 6 Standard Pa. Practice 335, which requires that the evidence "could not have been obtained at the former trial with reasonable diligence". However, even were we to treat them as "newly discovered evidence" the doctrine of res judicata would still apply. In 149 A. L. R. 1198 the rule is set forth as follows:

"The law is well settled that the effect as res judicata of a valid judgment, as long as it remains unreversed and unmodified, is not affected by the discovery, after its rendition, of new evidence bearing upon a fact material in the action in which the judgment has been rendered."

Petitioners having failed to show why the doctrine of res judicata should not constitute a bar to the present petition, the demurrer will be sustained and the petition to open judgment dismissed.

And now, to wit, March 14, 1949, the petition of Anna C. Johnston and Maxwell D. Johnston to show cause why judgment should not be opened is dismissed, and the rule granted thereon is discharged.